### 7117. CHEWNING *v.* THE STATE.

BROYLES, J.   **1.** Where a full panel of forty-eight jurors is put upon the prisoner, without any objection to the array, and, during the striking of the jury, some of the jurors are excused for cause, and some because of relationship, or because they are conscientiously opposed to capital punishment, there is no merit in the contention that the accused is entitled, before the panel is exhausted, to know the names of any other jurors or talesmen whom the sheriff may have drawn.

**2.** In the state of the record, the action of the court in ruling out testimony that the defendant, shortly before he killed the deceased, "was in a perfectly good humor," if error, was not prejudicial to the accused.

**3.** The court did not err in admitting in evidence the bottle of whisky which the testimony showed had been taken from the person of the accused shortly after the homicide, especially since there was some evidence from which the jury might have legitimately inferred that the defendant, at the time of the killing, was partially under the influence of intoxicants.

**4.** A trial judge can state to counsel, in the hearing of the jury, his reasons for admitting or rejecting evidence, if the reasons are pertinent to the objections to the evidence and the ruling made thereon; and the statement does not constitute such an expression of opinion as is violative of section 4863 of the Civil Code. *Jones v. Pope,* 7 *Ga. App.* 538 (67 S. E. 280), and cases therein cited. In the instant case, when the bottle of whisky referred to above was offered as evidence, objection to its admission was made by counsel for the defendant, on several grounds, and the court, in overruling these objections, used, in the presence of the jury, the following language: "Anyhow, it is admissible as a circumstance illustrating the issues in this case, and I am going to admit it for what it is worth." This remark, in our opinion, could not be fairly construed as an expression of the court's opinion as to what had or had not been proved in the case, or as to the guilt of the accused, and consequently affords no ground for a new trial.

**5.** The court did not err in refusing to allow a witness to answer the following question: "Are you acquainted with the general character of C. B. Bishop [the deceased] in the community in which he lived, for

lasciviousness; that is to say, his general character, what other people said about him in the community, for running after women." Nor was it error for the court to refuse to allow the defense to show specific acts, or attempted acts, of lewdness or lasciviousness on the part of the deceased.

6. In view of the defendant's statement, the court did not err in charging the law of manslaughter.

7. The court did not err in charging the law as to the weight to be given to positive and negative testimony, as there was some evidence authorizing it; nor was it error that the court in the same paragraph failed to charge as to the credibility of the witnesses, since the charge complained of was immediately succeeded by the following instruction: "These are the rules given you as to the manner of considering and weighing the testimony; and, as stated to you, the weight of the evidence and the credibility of the witnesses is entirely a question for the jury."

8. There is no substantial merit in any of the assignments of error upon various excerpts from the charge of the court.

9. The evidence authorized the verdict; no material error of law appears; and the court did not err in overruling the motion for a new trial.

<em>Judgment affirmed. Russell, C. J., absent.</em>

DECIDED APRIL 17, 1916. REHEARING DENIED MAY 26, 1916.

Conviction of manslaughter; from DeKalb superior court—Judge Smith. November 4, 1915.

*W. S. Howard, L. J. Steele, P. L. Lindsay, Alonzo Field,* for plaintiff in error.

*George M. Napier,* solicitor-general, *L. B. Norton,* contra.