### 10230.  REAMS *v.* THE STATE.

STEPHENS, J. 1. Under an indictment for murder the accused may be convicted of a lesser offense if the latter is one involved in the homicide and is sufficiently charged in the indictment. *Watson* v. *State,* 116 *Ga.* 607 (43 S. E. 32, 21 L. R. A. (N. S.) 1).

(*a*) Where such an indictment contains an allegation that the defendant

"unlawfully" killed a named person by driving an automobile upon and against such person, then and there giving to such person a mortal wound with said automobile, from which mortal wound such person died, there is sufficiently charged the offense of involuntary manslaughter in the commission of an unlawful act. It is a sufficient allegation of an unlawful act that the automobile was driven upon and against the person alleged to have been killed.

2. For the reasons above stated the demurrer to the indictment was, upon all of the grounds thereof, properly overruled, and the exceptions to the charge of the court and to the admission of evidence, upon the ground that same were not germane to an indictment which failed to charge involuntary manslaughter, are wholly without merit.

3. The portions of the charge of the court relative to the law governing a conviction of the offense of murder were harmless to the defendant, since he was, upon conviction of involuntary manslaughter, acquitted of the offense of murder. *Land* v. *State*, 11 *Ga. App.* 761 (2) (76 S. E. 78).

4. Evidence that the defendant was seen, shortly after the homicide, running his car in the same peculiar manner in which the car which ran over and killed the deceased was being run at the time of the homicide, was relevant for the purpose of identification and to further illustrate the issue. .

5. The assignments of error not dealt with above are not insisted upon.

6. The evidence supports the verdict, which has the approval of the trial judge; and since no error of law was committed, this court will not reverse the judgment overruling the motion for a new trial.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED JULY 23, 1919. REHEARING DENIED SEPTEMBER 18, 1919.

Indictment for murder; from Lowndes superior court—Judge Thomas. October 20, 1918.

*Bennet & Harrell, Whitaker & Dukes,* for plaintiff in error.

*Clifford E. Hay, solicitor-general,* contra.