43219. HAWKINS v. THE STATE.

ARGUED NOVEMBER 8, 1967—DECIDED DECEMBER 5, 1967.

*Billy L. Evans*, for appellant.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Marion O. Gordon, Assistant Attorneys General, W. W. Larsen, Solicitor General*, for appellee.

BELL, Presiding Judge. Section 13 of an Act of 1966 (Ga. L. 1966, pp. 567, 571; *Code Ann.* § 27-313) makes no provision for pre-trial suppression of evidence deemed illegal for reasons other than unlawful search and seizure. *Norrell v. State*, 116 Ga. App. 479 (3) (157 SE2d 784). By its clear terms, Section 13 furnishes a procedural device for the protection of constitutional guaranties against unreasonable search and seizure only. The protection of other rights which might have been violated by a transaction is merely coincidental. A single transaction may amount to a concurrent violation of constitutional guaranties against unreasonable search and seizure and constitutional guaranties against compulsory self-incrimination. See *Hammock v. State*, 1 Ga. App. 126, 127 (58 SE 66). Thus evidence obtained by compulsory self-incrimination might be subject to suppression pursuant to a pre-trial motion under the 1966 Act. However, the basis for suppression is that the evidence was obtained by unlawful search and seizure, not that it was obtained by compulsory self-incrimination.

To be valid, an objection to evidence based on grounds other than unlawful search and seizure must be voiced at the time the evidence is actually offered. See *Sides v. State*, 213 Ga. 482, 487 (5) (99 SE2d 884); *Jackson v. State*, 108 Ga. App. 529 (133 SE2d 436); *Smith v. State*, 116 Ga. App. 45, 48 (156 SE2d 380). Defendant's redundant enumeration of errors, while alleging in variety that the court erred in overruling the pre-trial motion to suppress, utterly failed to allege as a distinct ground of any enumeration that the court erred in admitting the evidence over objection voiced when the evidence was offered.

The pre-trial motion contended merely that the evidence as to the weight of the vehicle was illegal because defendant was compelled to incriminate himself when ordered to drive the ve-

hicle onto the scales. The motion failed to state any of the grounds provided by Section 13 (a) of the Act of 1966, and made no claim that the transaction was a violation of constitutional guaranties against unreasonable search and seizure either because of the manner in which the weighing was accomplished or for any other reason.

The court properly overruled defendant's pre-trial motion to suppress.

It is unnecessary for us to decide whether the motion to suppress was defective since it was made orally even though stipulated that it be treated as if filed in writing. Under Section 13 (b) of the Act of 1966, a motion to suppress evidence must be in writing. *Code Ann.* § 27-313 (b) ; *Brannen v. State,* 117 Ga. App. 68. In this connection see *Code* § 24-3340 (Superior Court Rule 40).

*Judgment affirmed. Pannell and Whitman, JJ., concur.*