## 48016. PURVIS v. THE STATE.

Bell, Chief Judge. The defendant was convicted of driving under the influence of intoxicating liquor and of driving without a valid driver's license. He has appealed from the judgment but limits his enumerations of error to the judgment entered on the conviction of driving while under the influence.

The result of an intoximeter test administered to the defendant was admitted over objection. The grounds of objection were that the defendant was not advised prior to the test of his constitutional privilege against self-incrimination and that he could refuse to take the test but that the refusal could result in the loss of his driver's license. The evidence reveals that the defendant was not so advised. *Held:*

1. (a) The constitutional privilege against self-incrimination does

not apply to non-communicative acts such as an intoximeter test. Schmerber v. California, 384 U. S. 757 (86 SC 1826, 16 LE2d 908).

(b) Section 47 of the 1968 Amendment to the Uniform Act Regulating Traffic on the Highways makes it criminal to drive an automobile while under the influence of intoxicating liquor. Ga. L. 1968, pp. 448, 449 (Code Ann. § 68-1625). The criminal portion of this statute provides that evidence as to the amount of alcohol in the defendant's blood as shown by a chemical analysis of the defendant's blood or breath "shall be admissible as competent evidence" on the question of intoxication. Section 47A of the same Act, "Implied Consent to Chemical Test" requires the arresting officer to advise the person concerned that his failure to submit to a chemical test will result in the suspension of his privilege to operate a vehicle for a period of six months. Ga. L. 1968, pp. 448, 452 (Code Ann. § 68-1625.1). These two sections of the same Act have diverse language and meaningful differences. In the Act's criminal portion there is no mention of notice being given to the suspect but it is stated that the result of the test is "admissible as competent evidence." The warning required of § 47A is something entirely different. It does not refer to the criminal part of the statute but is limited solely to the possible loss of the driver's license, i.e., the warning is a statutory condition precedent to the loss of the license. There was no error in admitting the results of the test.

2. The evidence authorized the conviction of driving under the influence of intoxicating liquor.

*Judgment affirmed. Hall, P. J., Eberhardt, P. J., Pannell, Deen, Evans, Clark and Stolz, JJ., concur. Quillian, J., dissents.*
SUBMITTED APRIL 2, 1973 — DECIDED JUNE 14, 1973.

*Kelley & Allen, Roy Benton Allen,* for appellant.
*Thomas H. Pittman, Solicitor,* for appellee.