## 50462. NELSON v. THE STATE.

MARSHALL, Judge.

The question presented in this appeal is whether or not the results of a breath test are rendered inadmissible by the failure of the arresting officer to advise the appellant at the time of his arrest that he may have another test administered by a qualified person of his choosing in addition to the one administered by the arresting officer.

At the hearing of appellant's motion to suppress the results of the intoximeter test, the two arresting officers testified that prior to administering the test, the appellant was advised only of his right to have either a blood test or a breath test, "which one he preferred." The state concedes that the appellant was not advised that he could have another qualified person of his own choosing administer a chemical test in addition to the intoximeter test administered at the direction of the arresting officer.

*Held:*

Under the new Uniform Rules of the Road, Ga. L. 1974, pp. 633, 672, 673 (Code Ann. § 68A-902.1), a

chemical analysis of a person's breath shall be admissible in a criminal proceeding for the offense of driving under the influence of alcohol. The statute further provides: "Where such a chemical test is made, the following provisions shall apply:

"(3) The person tested may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer. The justifiable failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer.

"(4) Upon the request of the person who shall submit to a chemical test or tests at the request of a law enforcement officer, full information concerning the test or tests shall be made available to him or his attorney. *The arresting officer at the time of arrest shall advise the person arrested of his rights to a chemical test or tests according to this section.*" (Emphasis supplied.)

Under the former law, Ga. L. 1968, p. 448, Sec. 1 (Code Ann. § 68-1625), repealed by Ga. L. 1974, pp. 663, 691, 693, a person arrested for DUI did not have a right to have an additional test made at the time of his arrest. See *Butts v. Dept. of Public Safety,* 128 Ga. App. 490, 491 (2) (197 SE2d 474). Under the present law, this right is established. The state's "justifiable failure or inability to obtain the additional test" must logically be preceded by the appellant's request for same. And the sine qua non of his request for the additional test would be his knowledge of his right to it. How is he to know of this right? Ordinarily, a person is presumed to know the law and his rights secured thereby. *Carnes v. State,* 115 Ga. App. 387, 393 (154 SE2d 781); *Felton v. State,* 93 Ga. App. 48, 49 (90 SE2d 607). But where the statute itself provides that a person "shall" be advised of his rights under the law, the legislature obviously meant to abrogate this presumption and replace it with the requirement that notice be given. Thus, it was necessary, under this statute, for the arresting officer to notify the appellant of his right to have an additional test made before the appellant could be

burdened with the responsibility of having to request it.

It is also logical that the legislature intended that this right be made known to the defendant at the time of his arrest in order that he may, if he so chooses, challenge the accuracy of the chemical test administered by the state at the only time such a challenge would be meaningful.

Finally, unlike the statutes construed in *Purvis v. State,* 129 Ga. App. 208 (199 SE2d 366), the advice of the right in this statute is clearly connected to and affects the admissibility of the test results into evidence in a criminal proceeding. In the absence of the advice, the intoximeter test results are inadmissible.

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

SUBMITTED APRIL 7, 1975 — DECIDED JUNE 19, 1975.

*Thomas A. Roach, C. Michael Roach,* for appellant. *Richard S. Gault, Solicitor,* for appellee.