## 51920. HULSEY v. THE STATE.

STOLZ, Judge.

The appellant was arrested for traffic violations, given a breath test, and subsequently charged with driving under the influence of alcohol. At the time of

arrest the appellant was not advised of his right to have a chemical analysis made of his urine. At the time of the breath test, the appellant was informed of his right to have additional blood and breath tests made.

This is an interlocutory appeal from the overruling of the defendant's motion to suppress the results of his breath test. The question presented here is whether or not these results are rendered inadmissible by the failure to advise the defendant, both at the time of his arrest and at any time subsequent thereto, of his right to the three types of chemical tests set forth in The Uniform Rules of the Road, viz., blood, urine and breath. Code Ann. § 68A-902.1.

"Ordinarily, a person is presumed to know the law and his rights secured thereby. *Carnes v. State,* 115 Ga. App. 387, 393 (154 SE2d 781); *Felton v. State,* 93 Ga. App. 48, 49 (90 SE2d 607). But where the statute itself provides that a person 'shall' be advised of his rights under the law, the legislature obviously meant to abrogate this presumption and replace it with the requirement that notice be given.

"It is also logical that the legislature intended that this right be made known to the defendant at the time of his arrest in order that he may, if he so chooses, challenge the accuracy of the chemical test administered by the state at the only time such a challenge would be meaningful." *Nelson v. State,* 135 Ga. App. 212, 213 (217 SE2d 450). The state's contention is that, by giving the defendant notice of the right to have additional blood and breath tests administered, it substantially complied with the law. This begs the question; substantial compliance with the provision as to additional tests does not compensate for the total failure to advise the defendant at any time of his right to a urine analysis. The defendant's motion to suppress the results of the breath test should have been granted.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

SUBMITTED MARCH 8, 1976 — DECIDED MARCH 19, 1976.

*William L. Martin,* for appellant.

*John T. Perren, District Attorney, Richard D. Allen, Assistant District Attorney,* for appellee.