### 31217. GARRETT v. DEPARTMENT OF PUBLIC SAFETY.

NICHOLS, Chief Justice.

The appeal in this case is from an order revoking appellant's driver's license for refusing to submit to a chemical test to determine the extent of intoxication. Appellant contends that the implied consent law is unconstitutional, that the evidence is insufficient and that he was not informed as to his right to have a chemical test made by someone of his own choosing.

1. The appellant contends in the first enumeration of error that Code Ann. §§ 68A-902.1 and 68B-306 (Ga. L. 1974, pp. 633, 691; Ga. L. 1975, pp. 1008, 1028) are unconstitutional in violation of the Fourth, Fifth, Sixth and Ninth Amendments to the United States Constitution and the corresponding sections of the Georgia Constitution.

The attacks made by the appellant have been unsuccessfully made on other statutes providing for the revocation of driving privileges. See *Johnson v. State,* 236 Ga. 370 (223 SE2d 808) (1976); *Dennis v. State,* 226 Ga. 341 (175 SE2d 17) (1970); *Davis v. Pope,* 128 Ga. App. 791 (197 SE2d 861) (1973); Schmerber v. California, 384 U. S. 757 (86 SC 1826, 16 LE2d 908) (1966). There is no merit in this enumeration of error.

2. It is contended that the trial court erred in affirming the revocation of appellant's license because he was not informed of his right to have a chemical test made by a person of his own choosing.

The Court of Appeals in *Nelson v. State,* 135 Ga. App. 212, 213 ·(217 SE2d 450) (1975), a case involving Code Ann. § 68A-902.1, supra, held: "... where the statute itself provides that a person 'shall' be advised of his rights under the law, the legislature obviously meant to

abrogate this presumption and replace it with the requirement that notice be given. Thus, it was necessary, under this statute, for the arresting officer to notify the appellant of his right to have an additional test made before the appellant could be burdened with the responsibility of having to request it.

"It is also logical that the legislature intended that this right be made known to the defendant at the time of his arrest in order that he may, if he so chooses, challenge the accuracy of the chemical test administered by the state at the only time such a challenge would be meaningful."

Code Ann. § 68B-306 provides in part: "Therefore any person who operates a motor vehicle upon the highways of this State shall be deemed to have given consent, *subject to the provisions of section 68A-902.1,* to a chemical test or tests of his blood, breath, or urine or other bodily substances, for the purpose of determining the alcoholic or drug content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or in actual physical control of a motor vehicle while under the influence of alcohol or any drug. The test or tests shall be administered at the request of a law enforcement officer having reasonable grounds to believe that the person has been driving or was in actual physical control of a motor vehicle upon the highways of this State while under the influence of alcohol or any drug. *Subject to the provisions of section 68A-902.1,* the requesting law enforcement officer shall designate which of the aforesaid tests shall be administered. . .

"Any person who is dead, unconscious, or who is otherwise in a condition rendering him incapable of refusal, shall be deemed not to have withdrawn the consent provided by paragraph (a) of this section and the test or tests may be administered, *subject to the provisions of section 68A-902.1."* (Emphasis supplied.) Code Ann. § 68A-902.1(a)(3) provides: "The person tested may have a physician, or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer.

The justifiable failure or inability to obtain an additional test by a person shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer."

The question is thus presented as to whether a person is justified in refusing to submit to a chemical test where he is not informed of his right to have an independent test made by someone of his own choosing. In subsection (a) (4) of Code Ann. § 68A-902.1, the legislature used the mandatory language: "The arresting officer at the time of the arrest *shall* advise the person arrested of his rights . . ." (Emphasis supplied.) This cannot be interpreted to mean sometime in the future. One cannot make an intelligent choice to submit to a chemical test without the knowledge of the right to have an independent test made in order to contest the validity of the state's test. The language of the statute makes it clear that a person must be advised of his right to have an additional test administered by a qualified person of his own choice in addition to the one administered by the arresting officer. As held in *Nelson,* supra, the failure to so inform invalidates the result of any test and also justifies the refusal to submit to a test.

*Judgment reversed. All the Justices concur, except Gunter, Hall and Hill, JJ., who dissent.*

SUBMITTED JUNE 7, 1976 — DECIDED SEPTEMBER 7, 1976.

*Parker & O'Callaghan, James I. Parker,* for appellant.

*Arthur K. Bolton, Attorney General, John B. Ballard, Jr., Assistant Attorney General,* for appellee.

GUNTER, Justice, dissenting.

The Department of Public Safety, after a hearing requested by appellant, revoked his driver's license for driving under the influence of alcohol. An appeal was taken by him to the superior court, and the trial judge entered a judgment affirming the ruling of the agency. The appellant came here for review, and the court has today reversed the judgment of the trial court. I would

affirm the trial court's judgment and respectfully dissent.

The majority decision holds that the failure to advise the appellant of his right to have a test administered by a qualified person of his own choice in addition to the one administered at the request of the arresting officer prohibits revocation of the appellant's driver's license, and, for this reason alone, the trial court's judgment was erroneous.

In this case, a chemical test was not administered to the appellant by either the state or by a person of his own choosing. Therefore, because no test was administered in this case, the provisions of Code Ann. § 68A-902.1 are inapplicable. This statute merely says that where "such a chemical test is made" five enumerated paragraphs are applicable, one of them being in part: "The arresting officer at the time of arrest shall advise the person arrested of his right to a chemical test or tests according to this section." Code Ann. § 68A-902.1(a)(4).

This case is quite different from *Nelson v. State,* 135 Ga. App. 212 (217 SE2d 450) (1975) in that there a chemical test was administered; that case was a criminal action; and the appellant there moved to suppress the test administered to him by the state because he had not been advised by them of his right to have his own independent test made to refute that test made by the state. I fully agree with the rationale of and the result reached in *Nelson.*

The instant case is not a criminal prosecution; no chemical test was administered to the appellant; and he had a statutory right pursuant to Code Ann. § 68B-306(c) to refuse the request of a law enforcement officer to submit to a chemical test.

The record in this case clearly shows that the appellant refused to submit to a chemical test; this record also shows that there was ample evidence, irrespective of what the appellant was advised or not advised by the arresting officer, to support the revocation action taken by the agency and affirmed by the superior court judge; and although I agree that the appellant here was fully justified in not submitting to a chemical test, I find no basis whatsoever in this record for reversing the trial court's judgment in this civil action that merely affirmed

the revocation for six months of appellant's license to operate a vehicle in this state.

I would affirm the judgment.

I respectfully dissent.

I am authorized to state that Justice Hill joins in this dissent.

HALL, Justice, dissenting.

As I read these statutes, Code Ann. § 68A-902.1, contrary to Garrett's argument, is not an implied consent statute at all. It is a statute concerning the admissibility of evidence in a criminal proceeding, and was so construed in *Nelson v. State,* 135 Ga. App. 212 (217 SE2d 450) (1975), where the Court of Appeals ruled that the evidence of the state-run intoxication test could not be admitted into evidence when officers never advised Nelson that he could have an additional test made by persons of his own choosing. That is not the issue before us.

We must consider the implied consent law governing Garrett's duty to submit to an intoxication test or *lose his license* in an administrative proceeding. The then-applicable statute was Ga. L. 1968, pp. 448, 452-453. (See also Code Ann. § 68B-306, now effective.) The 1968 statute said that a driver shall be deemed to have given consent to a chemical test "administered pursuant to the provisions of section 47 [Code Ann. § 68A-902.1] . . ." Our question is whether this statute's reference to the provisions of § 68A-902.1 also incorporates the necessity for the warnings *Nelson* required be given in the criminal context. I conclude that this is not meant and that such warnings are not required, because the purposes of the two statutes are highly dissimilar. See *Strong v. State,* 231 Ga. 514, 516 (202 SE2d 428) (1973).

Code Ann. § 68A-902.1 seeks to insure that a driver who agrees to have a test made to try to clear himself of a criminal charge (or civil liability) can put up his own test evidence if he distrusts the state's test. The concern is with the reliability of evidence in the assignment of criminal or civil liability. On the other hand, the concern of Ga. L. 1968, pp. 448, 452 plainly is with the administrative removal from the road of intoxicated

drivers: the driver is deemed to give a continuing consent to be tested when appropriate or quit driving. Therefore, I do not read the implied consent statute's reference to § 68A-902.1 to incorporate any requirement for a recitation of rights by the arresting officer before the driver may be asked to agree to the test or refuse it and lose his license.

Plainly it would be better practice for officers always to advise citizens of their rights as fully as feasible in the circumstances; but I would not allow Garrett to escape license suspension here simply because this better practice was not followed.

I respectfully dissent.