## 53357. TORLEY v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant was indicted for two murders and convicted of involuntary manslaughter in the commission of an unlawful act as to each of the charges. *Held:*

1. We find merit in the accused's contention that evidence regarding the result of a "breath" test was inadmissible.

The crime was alleged to have been committed on November 30, 1974. At this time the provisions of Ga. L. 1974, pp. 633, 674, "The Uniform Rules of the Road" § 68A-902.1 (Code Ann. § 68A-902.1), were in effect. Thus, the cases involving the law prior to that time, e.g., *Purvis v. State,* 129 Ga. App. 208 (199 SE2d 366) and *Strong v. State,* 231 Ga. 514 (202 SE2d 428) are not controlling.

Here the defendant was informed of his right to have either a blood or breath test but was not advised of his additional rights under § 68A-902.1 of "The Uniform Rules of the Road." Hence, the evidence relative to the "breath" test should have been excluded. *Nelson v. State,* 135 Ga. App. 212, 213 (217 SE2d 450); *Hulsey v. State,* 138 Ga. App. 221 (225 SE2d 752); *Smith v. State,* 140 Ga. App. 339; *Garrett v. Dept. of Public Safety,* 237 Ga. 413 (228 SE2d 812). It was reversible error to admit such evidence.

2. The indictments (substantially the same in content) charged that the defendant "did unlawfully and with malice aforethought cause the death of [named individual] by running and driving an automobile into, at, upon and over the said [named individual], thereby giving to the said [named individual] certain mortal

blows, wounds and contusions from which the said [named individual] died; contrary to the laws of the State of Georgia, the good order, peace and dignity thereof."

It is argued that all evidence regarding the defendant's intoxication was inadmissible because such fact was not specifically alleged in the indictments.

There is no merit to the argument for two reasons: (a) " 'Acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae.' " *Mills v. State,* 236 Ga. 365, 367 (223 SE2d 725) and cits. This includes evidence that the accused was under the influence of intoxicants. *Chewning v. State,* 18 Ga. App. 11 (3) (88 SE 904); *Robinson v. State,* 130 Ga. 361 (3) (60 SE 1005).

(b) The evidence was admissible as involving a lesser included offense. "Under an indictment for murder the accused may be convicted of a lesser offense if the latter is one involved in the homicide and is sufficiently charged in the indictment." *Reams v. State,* 24 Ga. App. 135 (1) (a) (100 SE 230). Accord, *Cambron v. State,* 36 Ga. App. 784, 786 (4) (138 SE 280); *Perry v. State,* 78 Ga. App. 273, 278 (4) (50 SE2d 709); *Watson v. State,* 116 Ga. 607 (43 SE 32); *Smith v. State,* 200 Ga. 188, 200 (6) (36 SE2d 350). See also Criminal Code of Georgia (Code Ann. § 26-505; Ga. L. 1968, pp. 1249, 1267). In discussing the prior law, this court observed that under the common law manslaughter was a degree of homicide and that, in Georgia as well, under an indictment for murder the jury might find the accused guilty of a lesser offense (manslaughter) and the verdict would be legal, although there was no count for the lesser offense in the indictment. *Perry v. State,* 78 Ga. App. 273, 279, supra.

3. We now consider whether the evidence sustains the verdict and judgment entered thereon. Formerly, involuntary manslaughter (Criminal Code § 26-1103; Ga. L. 1968, pp. 1249, 1276) was the lesser included offense in this type of case. However, since the crime herein involved occurred in December, 1974, involuntary manslaughter has been replaced by homicide by a vehicle under Code Ann. § 68A-903 (Ga. L. 1974, pp. 633, 674) which punishes the taking of human life through violation of the Uniform Rules of the Road. Code Ann. § 68A-903 (b) is therefore the

lesser included offense applicable to the case sub judice.

As the law is now written one who causes the death of another person through violation of Code Ann. § 68A-902 (driving with ability impaired by alcohol or drugs) is guilty of homicide in the first degree punishable by one to five years. Ga. L. 1976, p. 977, eff. July 1, 1976 (Code Ann. § 68A-903). At the time of the offense in question, Ga. L. 1974, pp. 633, 674 (Code Ann. § 68A-903 (b)), provided that one guilty of violating any section of the Uniform Rules of the Road other than § 68A-901 or § 68A-904 in causing another's death would be guilty of homicide in the second degree and be punished only for a misdemeanor. *Berrian v. State,* 139 Ga. App. 571, 573 (2) (228 SE2d 737).

The evidence was sufficient to sustain a conviction under Code Ann. § 68A-903 (b) (Ga. L. 1974, pp. 633, 674) but a felony sentence for involuntary manslaughter will not stand. On a new trial direction is given that the jury be instructed as to the applicable and proper section, to wit, § 68A-903 (b) and that, if conviction be had, sentence be imposed as therein provided.

4. The remaining enumeration of error is not likely to recur upon a retrial of the case, but in any event was not meritorious.

*Judgment reversed. Stolz and Shulman, JJ., concur.*

SUBMITTED JANUARY 12, 1977 — DECIDED FEBRUARY 23, 1977.

*John J. Sullivan,* for appellant.

*Andrew J. Ryan, III, District Attorney, pro tem., Robert M. Hitch, III, Assistant District Attorney,* for appellee.