## 55583. JOHNSON v. THE STATE.

BANKE, Judge.

The defendant appeals her conviction of homicide by vehicle in the second degree.

The defendant and three others were occupants of a vehicle which ran off the road, thereby injuring one of the passengers so severely that he later died. The original accusation charged the defendant with homicide by vehicle in the second degree by driving under the influence. However, at the time of trial, the state amended the accusation by deleting the words "driving under the influence," and substituting charges of speeding, driving on the wrong side of the road, operating a motor vehicle without her hands on the steering wheel, and unsafely driving off the road.

One of the passengers, Doris Brock, testified for the state that the defendant had been drinking a great deal and that the defendant was driving at the time of the accident. Ms. Brock denied that she herself was intoxicated. The defendant admitted that she was "pretty drunk" because she had been drinking large quantities of beer, but denied that she was driving when the accident occurred. She testified that the witness Brock had also been drinking heavily. On rebuttal, and over objection, the court admitted as state's evidence the results of blood alcohol tests administered to the defendant and the two surviving passengers.

The defendant enumerates as error the admission of the blood test reports, contending that the state failed to lay the proper foundation.

1. The arresting officer testified that the blood test

samples were taken by a laboratory technician at the hospital. The defendant asserts that since there is no evidence that a physician, registered nurse or other qualified person withdrew the blood, the tests are inadmissible. However, our statute as recently amended and in effect at the time of this incident specifically provides that a laboratory technician may withdraw blood. Code Ann. § 68A-902.1 (a) (2) (Ga. L. 1977, p. 1036).

2. The defendant also contends that the blood tests are inadmissible as there is no evidence that she or the other two passengers were advised of their rights to have additional chemical tests made, as mandated by Code Ann. § 68A-902.1 (a) (4). The state offered Ms. Brock's test results for the purpose of showing that she was sober and thereby impeaching the defendant's testimony that Ms. Brock had been drinking.

In order to utilize the results of a blood-alcohol test to establish criminal liability against a defendant, it must be shown that the defendant was advised of his or her right to have additional tests made as set forth in the statute. *Nelson v. State,* 135 Ga. App. 212 (217 SE2d 450) (1975). However, Ms. Brock is not the defendant in this case, and her criminal liability is not in issue, only her credibility. For this reason, the rule in *Nelson* does not apply. Furthermore, any objection to the admission of Ms. Brock's blood test report which is based upon an alleged violation of *her* statutory rights (including the objection that the laboratory technician was not present to testify as to his qualifications to take the blood sample) must come from her. The defendant has no standing to raise such an objection. Cf. *Dutton v. State,* 228 Ga. 850 (188 SE2d 794) (1972). Therefore, the admission of Ms. Brock's test report was not error.

3. We need not reach the issue of whether the blood tests of the defendant and the other occupant of the car, John Ward, were properly allowed into evidence. These test results merely supported their own testimony that they had been drinking heavily. Therefore, it is highly probable that this evidence did not contribute to the verdict, and any error in admitting it was harmless. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1977).

*Judgment affirmed. Bell, C. J., Quillian, P. J., Webb,*

*McMurray, Smith, Shulman and Birdsong, JJ., concur.*
*Deen, P. J., dissents.*

SUBMITTED APRIL 3, 1978 — DECIDED
JUNE 22, 1978.

*William I. Sykes, Jr.,* for appellant.
*Douglas E. Smith, Solicitor,* for appellee.

DEEN, Presiding Judge, dissenting.
I respectfully dissent to the applicability of the "highly probable" rule as set forth in Division 3 of the majority. This rule is limited for use only in cases not involving constitutional rights. "In discussing harmless error, a distinction is made between the test for determining harmless constitutional error and harmless nonconstitutional error." *Johnson v. State,* 238 Ga. 59, 60 (230 SE2d 869).
Based on substantially the same reasons set forth in my dissents and the dissents of Judge Smith in *Williams v. State,* 145 Ga. App. 81 (243 SE2d 614) and in *Thornberry v. State,* 146 Ga. App. 827, I would reverse because of deprivation of procedural and substantive due process constitutional rights.