### 34868. ENSLEY v. JORDAN.

PER CURIAM.

Jordan suffered severe brain damage, and he has subsequently lapsed into a coma from which he is not expected to recover, when his automobile collided with an automobile being driven by Ensley. The jury returned a

verdict in favor of Ensley, and Jordan, by his next friend, appealed to the Court of Appeals.

In Division 1 of its opinion, the Court of Appeals held that the trial court did not err in granting Ensley's motion in limine, which sought to suppress the results of a blood-alcohol test administered to her after the collision. The results of the blood-alcohol test showed that the alcohol content of Ensley's blood was .10% at the time the sample was taken.

The trial court and the Court of Appeals ruled that the results of the test were inadmissible in evidence, because the police officer who had directed Ensley to submit to the test had failed to advise her of her right to an additional test by a qualified person of her own choosing, as required by Code Ann. § 68A-902.1 (a)(3) (Ga. L. 1974, pp. 633, 672, as amended).

In Division 2, the Court of Appeals held that even though the evidence of the blood test was inadmissible to establish a presumption that Ensley was driving under the influence, see Code Ann. § 68A-902.1 (b), it should have been admitted in evidence for impeachment purposes. See Harris v. New York, 401 U.S. 222 (91 SC 643, 28 LE2d 1) (1971).

Ensley had testified that she had consumed two 3- or 4- ounce glasses of wine during the three hours preceding the accident. Jordan presented expert testimony to the effect that it would be impossible for someone of Ensley's weight to acquire a blood-alcohol content of .10%, as shown by the blood test, from ingesting only eight ounces of wine over a three-hour period.

We granted certiorari for the purpose of determining whether a police officer's failure to advise an individual of his right to have an additional test performed by a qualified person of his own choosing renders the results of the state's test inadmissible for impeachment purposes.

In *Nelson v. State,* 135 Ga. App. 212 (217 SE2d 450) (1975); *Hulsey v. State,* 138 Ga. App. 221 (225 SE2d 752) (1976) and *Torley v. State,* 141 Ga. App. 366 (1) (233 SE2d 476) (1977), all of which were criminal proceedings, it was held that the police officer's failure to advise the person arrested of his right to an additional chemical test renders the results of the state's test inadmissible in evidence. See

also *Garrett v. Dept. of Public Safety,* 237 Ga. 413 (228 SE2d 812) (1976). As interpreted, Code Ann. § 68A-902.1 (a) (4) creates an exclusionary rule of evidence.

We agree with the Court of Appeals that even though breach of the notice requirement of Code Ann. § 68A-902.1 (a) renders evidence of the blood test administered by the state inadmissible to establish a presumption that the allegedly drunken driver was driving under the influence, such evidence should be admitted for impeachment purposes in the trial of a civil action such as this. As stated by the Court of Appeals, "The right to impeach witnesses, as set forth in Code § 38-1802, is one of the cornerstones of the adversary process. Even evidence which violates constitutional standards of due process, such as unlawfully obtained confessions, may be admitted for impeachment purposes. See Harris v. New York, 401 U.S. 222 (91 SC 643, 28 LE2d 1) (1971). Although the requirements of Code Ann. § 68A-902.1, supra, must be adhered to strictly in order for any legal presumption as to sobriety to arise from a state-administered blood-alcohol test, a witness will not be allowed to use his or her rights under this statute as a license to present perjured testimony with impunity." *Jordan v. Ensley,* 149 Ga. App. 67, 69 (253 SE2d 414) (1979).

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only and Marshall, J., who dissents.*

ARGUED JUNE 11, 1979 — DECIDED OCTOBER 2, 1979 — REHEARING DENIED OCTOBER 16, 1979.

*Hugh F. Newberry,* for appellant.
*John V. Burch, Michael A. McKenzie,* for appellee.

MARSHALL, Justice, dissenting.

In *Nelson v. State,* 135 Ga. App. 212 (217 SE2d 450) (1975) it was held that Code Ann. § 68A-902.1 requires an arresting officer to advise an allegedly drunken driver of his right to a chemical test of his blood in addition to the one administered by the state. It was further held in

*Nelson* that the legislature intended that this right be made known to the individual so that he could challenge the accuracy of the chemical test administered by the state, and the failure to so inform him renders the results of state's test inadmissible in evidence. In *Garrett v. Dept. of Public Safety,* 237 Ga. 413 (228 SE2d 812) (1976), this court, in reliance on *Nelson,* held that the failure to so inform invalidates the results of any test administered by the state.

In the present case, the court acknowledges that the provisions of Code Ann. § 68A-902.1 apply in "any civil or criminal action or proceeding." However, the court goes on to hold that the failure to inform the allegedly drunken driver of his right to an additional chemical test renders the results of the state's test inadmissible only as direct evidence and not for impeachment purposes. As authority, the court cites Harris v. New York, supra, wherein the Supreme Court of the United States held that evidence obtained in violation of Miranda can be admitted for the purpose of impeaching the perjured testimony of a criminal defendant. In my opinion, this is where the court's reasoning breaks down. The exclusionary rule of Miranda was not applied in Harris v. New York so as to render the evidence there inadmissible for impeachment purposes, because the evidence "otherwise satisfied legal standards of trustworthiness." Harris v. New York, supra, 401 U. S. at p. 222. The clear import of the holdings in *Nelson* and *Garrett* is that where the allegedly drunken driver has not been given an opportunity to have administered a chemical test of his own choosing, the results of the state's test are not considered trustworthy enough to be received in evidence. "Code Ann. § 68A-902.1 seeks to insure that a driver who agrees to have a test made to try to clear himself of a criminal charge (or civil liability) can put up his own test evidence if he distrusts the state's test. The concern is with the reliability of evidence in the assignment of criminal or civil liability." *Garrett v. Dept. of Public Safety,* supra, 237 Ga., at p. 417 (Justice Hall dissenting).