## 61217. SMITH v. THE STATE.

POPE, Judge.

Convicted of aggravated assault for the shooting of a police officer, Smith appeals and we affirm. The evidence at trial established that on Halloween night of 1979, Smith, dressed in a plaid shirt, was driving a green pickup truck with a camper top around the town of Willacoochee accompanied by his dog, a Doberman pinscher. Smith was observed by Police Chief W. H. Jewell at a liquor store and drinking at a tavern from which Smith departed in his pickup truck "at a high rate of speed." Chief Jewell (who was off duty but driving around town in his personal car in case he was needed because so many children were out) radioed Officer Bell, who was on duty, to look out for the truck. Officer Bell spotted the truck between 8:00 and 9:00 p.m. weaving down the highway and followed it, radioing back to headquarters that he was going to stop a green pickup truck with a Colorado license plate. Officer Bell recognized Smith as a local citizen and asked to see his driver's license. When Smith's dog appeared to be trying to get out of the truck, Bell asked Smith if it would bite. Smith replied, "He'll eat you up." Smith then announced that he had found his license and came up with a 9mm automatic pistol in his hand. Bell reached for the weapon and Smith shot him in the hand; then when Bell tried to take cover behind his car, Smith fired two more shots, hitting Bell in the back. Bell radioed for help and began

firing at Smith who drove away. The incident was witnessed by a local schoolteacher who was using a nearby pay telephone. Chief Jewell spotted the truck and gave chase at speeds of over 100 miles per hour, with Smith shooting at the officer and Chief Jewell returning fire. Smith lost control of the truck and ran into a ditch but escaped when the Doberman ran toward Chief Jewell. Smith was taken to his home by a cousin who lived a short distance from the location of the wreck and arrested there later still wearing the plaid shirt.

1. The court allowed in evidence the testimony of a witness that he heard Officer Bell's report on a police radio frequency scanner. Smith challenged the propriety of this evidence as inadmissible hearsay, but the court ruled that it would be admitted as a part of the res gestae and to explain the conduct of the witness. The witness, who was the town's fire chief, always listened to the police reports of fires and lived only 400 yards from where the shooting occurred. He testified that he called the sheriff's office to send an ambulance because Bell was injured and then went to the scene to aid him. Admission of the evidence objected to was not reversible error. Code Ann. § 38-302. Accord, *Callahan v. State,* 229 Ga. 737, 739 (3) (194 SE2d 431) (1972).

2. A statement by the trial court that Chief Jewell had already answered a question propounded by defense counsel on cross examination did not amount to an expression of opinion as to appellant's guilt, nor tend to confuse or prejudice the jurors, and was not such an abridgement of appellant's right to a thorough and sifting cross examination as to constitute an abuse of discretion. *Miller v. State,* 155 Ga. App. 587 (3) (271 SE2d 719) (1980); *Patterson v. State,* 138 Ga. App. 290, 294 (2) (226 SE2d 115) (1976) (affd. 238 Ga. 204 (232 SE2d 233) (1977)). In any event, "[t]he question of whether Code Ann. § 81-1104 has been violated is not reached unless an objection or motion for mistrial is made." *State v. Griffin,* 240 Ga. 470 (241 SE2d 230) (1977).

3. Appellant insists that the trial court erred in refusing to allow him to cross examine Chief Jewell as to Jewell's intent to kill Smith when he fired at Smith's truck, in an attempt to impeach the credibility of this witness by showing bias or ill feeling. We do not agree. "Where impeachment is sought on the ground that the witness entertains hostile feelings toward the opposite party, the reasons for such feelings may not be inquired of until a proper foundation is laid." *Schamroth v. State,* 84 Ga. App. 580 (2) (66 SE2d 413) (1952). Moreover, when the court sustained the state's objection to this line of questioning, defense counsel agreed, "All right, I'll go on to something else." Thus the requisite objection was not made. *State v.*

*Griffin,* 240 Ga. 470, supra.

4. Appellant's attempted cross examination of a witness as to whether he said Chief Jewell was drinking after the shooting occurred was likewise properly curtailed. Not only was this subject irrelevant and immaterial, defense counsel again complied without objection to the ruling now complained of. *State v. Griffin,* supra.

5. The chain of custody of bullets found at the scene of the shooting was sufficiently established to authorize the admission of this evidence. *Campbell v. State,* 136 Ga. App. 338, 340 (3) (221 SE2d 212) (1975); *Dent v. State,* 243 Ga. 854 (3) (257 SE2d 241) (1979).

6. Appellant asserts error in allowing the state to introduce in evidence the results of an intoximeter test given appellant two hours after he was arrested, contending that there was no evidence of Smith's drinking presented at trial. However, the record discloses testimony of appellant's drinking, both by other witnesses and by his own admission, which was introduced by the state to prove probable cause for the stop of appellant's truck. Proper limiting instructions were given the jury as to what purpose this testimony was being admitted for and that the appellant was not being charged with driving under the influence of alcohol. This enumeration is without merit. *Cantrell v. State,* 154 Ga. App. 725 (1) (270 SE2d 12) (1980). See also *Ensley v. Jordan,* 244 Ga. 435 (260 SE2d 480) (1979); *State v. Sanders,* 154 Ga. App. 305, 306 (3) (267 SE2d 906) (1980).

7. In questioning one of its witnesses, a police officer, the state asked what statement Smith had made to him in reference to owning a pistol. The witness had replied, "Well, I stopped him . . ." when defense counsel interposed and moved for mistrial on the ground of placing appellant's character in issue. We find no error in overruling the motion for mistrial, as the officer's unresponsive answer did not imply any criminal activity on the part of appellant and did not put his character in issue. Accord, *Dudley v. State,* 141 Ga. App. 431 (1) (233 SE2d 805) (1977) and cases cited.

8. The instructions on credibility and impeachment of witnesses complained of have been approved by the Supreme Court and by this court. E. g., *Davis v. State,* 241 Ga. 376, 384 (7) (247 SE2d 45) (1978); *Phillips v. State,* 148 Ga. App. 174, 175 (3) (251 SE2d 128) (1978). "The charge as given by the trial court adequately and fairly explained to the jury the principles of law regarding their determination of the credibility of witnesses. Denial of the [request for specific instructions as to impeachment by prior inconsistent statement of a witness] was not error. [Cit.]" *Presnell v. State,* 241 Ga. 49, 61 (13) (243 SE2d 496) (1978).

9. Contrary to appellant's contention, the trial court did fully and completely charge the jury that Smith's presence at the scene of

the crime must be proved by the state. "This instruction substantially covered the principle of alibi and was tailored to the appellant's testimony. [Cit.]" *Moore v. State* 240 Ga. 807, 821 (14) (243 SE2d 1) (1978).

10. Appellant complains that throughout the trial hearsay testimony was admitted "under the famous catchall of explaining conduct" and that the court should have charged the jury without request that these statements could not be considered to prove his guilt or innocence. Our review of the transcript reveals that on every occasion a witness was allowed to testify as to hearsay evidence, the trial court apprised the jury the testimony was being admitted *only* to explain conduct. "The admission into evidence of testimony such as to this is not error, especially where it is preceded by specific instructions by the court. Code Ann. § 38-302; [Cits.]" *Bell v. State,* 141 Ga. App. 277 (2) (233 SE2d 253) (1977).

11. Reference by the district attorney in closing argument to "the warning ticket, or DUI ticket, or some other traffic ticket..." was not such an improper remark as to require a new trial. *Williams v. State,* 156 Ga. App. 17 (1) (274 SE2d 71) (1980).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 22, 1981.

Robert B. Sumner, Douglas W. Mitchell III, Robert L. Cork, for appellant.

Vickers Neugent, District Attorney, Lew S. Barrow, Charles R. Reddick, Assistant District Attorneys, for appellee.