### 61968. THE STATE v. JOHNSTON.

BIRDSONG, Judge.

Motion to Suppress — Intoximeter. David W. Johnston was involved in an automobile accident. He was arrested and advised of the provisions of Code Ann. § 68A-902.1 appearing in the Uniform Rules of the Road. When he consented to take a "breath" test, he was transported to the jail and did ultimately take such a test. Under the presumptions established, there was shown probable intoxication. Johnston moved to suppress the results of the test, advancing several violations of his rights. He stated in his written motion to suppress that the arresting officer did not advise him that he was entitled to his own separate validating test; that the instrument used was not one specifically approved by the Department of Public Safety; that the test was not performed by a qualified operator; and finally that the test was the result of an arrest for which there was no probable cause. At the hearing on the motion to suppress, the state sought to have Johnston establish by an evidentiary basis in what regard the test was improperly performed. Johnston argued to the trial court that the burden was upon the state to show that the test was not subject to the imperfections identified in Johnston's motion to suppress the results of the test. The state resisted the motion to suppress and argued that Johnston was utilizing the wrong procedural vehicle to contest the propriety of the intoximeter results. It was the state's contention that Code Ann. § 27-313 contemplates an unlawful search and seizure of tangible property and that an intoximeter result is not the product of a search or seizure subject to the Fourth Amendment and thus must be resisted during the trial on the merits and specifically at the time the evidence is offered. The state made it clear that it did not intend to answer the motion to suppress on the merits and made no effort to offer evidence to meet the objections to the admissibility of the intoximeter results. The trial court concluded that the state had not met its burden and granted the motion to suppress. The state brings this appeal urging in essence that the appellee and the trial court proceeded upon the wrong procedural premise and that the proper time to argue the admissibility of the intoximeter results is on the

merits of the case. *Held:*

Certain basic considerations are here applicable. Under the Uniform Rules of the Road (Code Ann. § 68A-902.1) a chemical analysis of a person's breath is admissible in a criminal proceeding for the offense of driving under the influence of alcohol but only if obtained in accordance with specific statutory guidelines. Thus the statute itself provides that a person "shall be advised of his rights under the law," and those rights include a warning that the suspect has a right to an individual and independent test to corroborate or contest the state-administered test. It has been held that this statute is clearly connected to and affects the admissibility of the test results into evidence in a criminal proceeding. In absence of the advice, the intoximeter results are inadmissible. *Nelson v. State,* 135 Ga. App. 212, 214 (217 SE2d 450). Although the statute does not impose any criteria for the testing equipment to be used, the Department of Public Safety Rules (Rule 570.9—.06 (5)) require the use of specific equipment or approval by the director of the equipment used. In the absence of proof that the equipment utilized in the test is of the approved type or has the approval of the director, the test results likewise are inadmissible. *State v. Baker,* 146 Ga. App. 608 (247 SE2d 160). See also *Willoughby v. State,* 153 Ga. App. 434 (265 SE2d 352).

Having concluded that the results of a "breath" test not preceded by an appropriate warning are inadmissible in evidence *(Ensley v. Jordan,* 244 Ga. 435, 437 (260 SE2d 480)), we must decide whether such evidence is subject only to objection at the time of its offer as evidence or whether it is subject to a motion to suppress. In making this determination, we must consider the language of *Hawkins v. State,* 117 Ga. App. 70, 71 (159 SE2d 440) wherein it is stated: "By its clear terms, Section 13 [Code Ann. § 27-313] furnishes a procedural device for the protection of constitutional guaranties against unreasonable search and seizure only. The protection of other rights which might have been violated by a transaction is merely coincidental. A single transaction may amount to a concurrent violation of constitutional guaranties against unreasonable search and seizure and constitutional guaranties against compulsory self-incrimination."

First of all, we observe that the statement in that case does not preclude the suppression of evidence based upon the illegality of a seizure which was not preceded by a search. It clearly is the law of this state that if a peace officer is in a place where he has a lawful right to be, he may seize contraband in plain view. See *Robinson v. State,* 143 Ga. App. 37, 40 (237 SE2d 436); *Brisendine v. State,* 130 Ga. App. 249, 250 (2) (203 SE2d 308). Thus the language of Code Ann. § 27-313 is broad enough to encompass unlawful seizures which do not involve

any question of a search in violation of the Fourth Amendment. In fact the heading of the section states that it controls a "motion to suppress evidence illegally seized." Properly read the section authorizes a "defendant aggrieved by an unlawful . . . seizure . . . [to] move the court . . . to suppress as evidence anything so obtained on the grounds that: (1) the . . . seizure . . . was illegal. . . ."

Secondly, we note that the *Hawkins* case, supra, was decided in 1967 and Code Ann. § 68A-902.1 was not enacted by the legislature until 1974. There can be no question that by judicial interpretation of that statute the results of an intoximeter (breath) test which is taken in violation of the protections afforded by the Uniform Rules of the Road may not be used in evidence against the defendant. Though the question has not been directly approached, it is equally apparent that by implication this court has considered it quite appropriate for a defendant to move to suppress evidence taken in violation of the Uniform Rules of the Road (Code Ann. § 68A-902.1). See *State v. Laycock,* 151 Ga. App. 145, 146 (259 SE2d 150); *State v. Baker,* 146 Ga. App. 608, 609 (247 SE2d 160); *Hulsey v. State,* 138 Ga. App. 221, 222 (225 SE2d 752). On the other hand, if the defendant previously has not moved to suppress the evidence, this court has held that the results of a defectively administered test are inadmissible over objection. See *Willoughby v. State,* supra, p. 436; *Nelson v. State,* supra. It is our conclusion that at the present stage of development of the law in this state, the results of an intoximeter test, if improperly obtained, are subject to a motion to suppress or alternatively subject to an objection at the time the evidence is offered. We believe this is consistent with the statutory mandate of the General Assembly that the use of such tests in criminal trials shall be subject to the strictest protections and also within the permissible parameters of Code Ann. § 27-313. That section affords protection from not only constitutionally violative searches and seizures but also authorizes restraint in the use of illegally obtained evidence. We hold, as a by-product of judicial economy, that Code Ann. § 27-313 authorizes a motion to suppress any evidence illegally seized and thereby forestall a full blown trial with all its ramifications where the state cannot establish that its incriminating evidence is admissible as evidence. Though the invasion of privacy may be the underlying right to be protected, the purpose of the statute is procedural in essence, to suppress that which is inadmissible.

In reaching this decision, we have not ignored the case of *State v. Sanders,* 154 Ga. App. 305, 306 (4) (267 SE2d 906). We find that case to be different on its facts. There it is apparent that the motion to suppress was directed at the officer's testimony because the officer allegedly had made an unlawful arrest and as a result of that arrest

was prepared to testify as to his physical observations of the defendant's driving conduct and a breath test conducted at the scene. There is no indication that the proper warnings and advice were not given. There being no physical evidence seized there was nothing to suppress. Here we are confronted with the results of a test which was allegedly conducted in violation of statutorily and judicially mandated rights. See *Adams v. Hardison,* 153 Ga. App. 152, 153 (264 SE2d 693). The state had the burden of proving that the seizure of appellee's breath resulting in the intoximeter results was in accordance with the mandated procedures. *State v. Mabrey,* 140 Ga. App. 577, 579 (231 SE2d 461). The state not having met that burden, the trial court did not err in granting the motion to suppress.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 21, 1981 —
REHEARING DENIED OCTOBER 16, 1981 —

*Herbert A. Rivers, Patrick F. McMahon, Charles S. Hunter,* for appellant.
*Melvin S. Nash, Roy Petersen,* for appellee.