## 38151. THE STATE v. JOHNSTON.

SMITH, Justice.

Johnston was arrested on DUI charges. He thereafter filed a written motion to suppress pursuant to Code Ann. § 27-313 alleging that: 1) The arresting officer did not advise Johnston of his right to have additional blood alcohol tests of his own choosing as required by Code Ann. § 68A-902.1 (a)(4); 2) The breath test given to Johnston was not conducted by a qualified operator; 3) The device used had not been specifically approved by the Department of Public Safety as required by the rules of that department (Rule 570.9 — .06(5)); and 4) The test was the result of an arrest for which there was no probable cause.

The motion came on to be heard. The State refused to offer any evidence, contending that a motion to suppress is not a proper vehicle to contest the admissibility of breath test results. The trial court granted the motion to suppress. The Court of Appeals affirmed. *State v. Johnston,* 160 Ga. App. 71 (286 SE2d 47) (1981). We granted the State's application for certiorari and affirm, but not for the reasons enunciated by the Court of Appeals.

1) Code Ann. § 27-313 sets forth two grounds for the suppression of evidence obtained as a result of an unlawful search and seizure: "(1) The search and seizure without a warrant was illegal; or (2) The search and seizure with a warrant was illegal because the warrant is insufficient on its face; there was not probable cause for the issuance of the warrant; or, the warrant was illegally executed." "By its clear terms, [Code Ann. § 27-313] furnishes a procedural device for the protection of constitutional guarant[e]es against unreasonable search and seizure only." *Hawkins v. State,* 117 Ga. App. 70 (159 SE2d 440) (1967). Moreover, since § 27-313 speaks of "the return of

property" it is clear that it contemplates the suppression only of tangible physical evidence. See, *Jarrell v. State,* 234 Ga. 410 (3) (216 SE2d 258) (1975); *Reid v. State,* 129 Ga. App. 660 (200 SE2d 456) (1973). We will not follow the expansive interpretation given to Code Ann. § 27-313 by the Court of Appeals in the case before us.

2) However, the State's arguments to the contrary notwithstanding, the compelled administration of a breath test designed to ascertain blood alcohol content undoubtedly implicates Fourth Amendment rights.[1] Compare, United States v. Weir, 657 F2d 1005 (8th Cir. 1981) (hair sample); and United States v. Sechrist, 640 F2d 81 (7th Cir. 1981) (fingerprints).

Johnston contended in his motion to suppress that there was no probable cause for his arrest, and that the results of the breath test were fruits of an illegal arrest. See, Brown v. Illinois, 422 U. S. 590 (95 SC 2254, 45 LE2d 416) (1975); and Schmerber v. California, 384 U. S. 757 (86 SC 1826, 16 LE2d 908) (1966). Since the State presented no evidence at the hearing on the motion to suppress, the court did not err in ordering that "the tangible evidence seized as a result of the photoelectric intoximeter administered to the Defendant on October 28, 1979, be and is hereby suppressed in any criminal trial of this Defendant."[2] *Meeks v. State,* 150 Ga. App. 170 (257 SE2d 27) (1979).

3) Those portions of Johnston's motion to suppress alleging non-compliance with Code Ann. § 68A-902.1 or regulations of the Department of Public Safety do not involve "constitutional guarant[e]es against unreasonable search and seizure." *Hawkins v. State,* supra. Thus, a motion to suppress is not a proper procedural device to deal with such allegations. That does not mean, however, that such allegations may not be considered prior to trial.

---

[1] The analysis of a Fourth Amendment claim here would involve a potential violation "at two different levels — the 'seizure' of the 'person' necessary to bring him into contact with government agents, see Davis v. Mississippi, 394 U. S. 721, and the subsequent search for and seizure of evidence." United States v. Dionisio, 410 U. S. 1, 8 (93 SC 764, 35 LE2d 67) (1973).

We note that Code Ann. § 68B-306, Georgia's implied consent law, does not purport to give law enforcement officers the authority to stop drivers at random to administer alcohol breath tests. Rather, implied consent is contingent upon an arrest "for any offense arising out of acts alleged to have been committed while the person was driving . . . under the influence of alcohol . . ." The test "shall be administered" only if the officer has "reasonable grounds to believe that the person has been driving . . . under the influence of alcohol . . ."

[2] We do not decide here the extent to which the court's order affects the admissibility at trial of nontangible or testimonial evidence. See *Reid v. State,* supra.

The trial court is not bound by the nomenclature used by a party. *Holloway v. Frey,* 130 Ga. App. 224 (3) (202 SE2d 845) (1973). Although Johnston's motion was styled a "Motion to Suppress," the trial court could treat it as a motion in limine. *Wiggins v. State,* 249 Ga. 302 (290 SE2d 427) (1982).

A motion in limine is a pretrial[3] motion which may be used two ways: 1) The movant seeks, not a *final* ruling on the admissibility of evidence, but only to prevent the mention by anyone, during the trial, of a certain item of evidence or area of inquiry until its admissibility can be determined *during the course of the trial* outside the presence of the jury. Lagenour v. State, 376 NE2d 475, 481 (Indiana 1978); Twyford v. Weber, 220 NW2d 919 (Iowa 1974); Redding v. Ferguson, 501 SW2d 717, 722 (Texas Civ. App. 1973). 2) The movant seeks a ruling on the admissibility of evidence prior to the trial. The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial. Cf. *Wiggins v. State,* supra; *Coats v. State,* 234 Ga. 659 (217 SE2d 260) (1975). If, however, the trial court decides to rule on the admissibility of evidence prior to trial, the court's determination of admissibility is similar "to a preliminary ruling on evidence at a pretrial conference" and it " '*controls* the subsequent course of action, unless modified at trial to prevent manifest injustice.' " *Harley-Davidson Motor Co. v. Daniel,* 244 Ga. 284, 285-6 (260 SE2d 20) (1979).

The results of a breath test are not admissible over objection unless a proper foundation is laid. *Nelson v. State,* 135 Ga. App. 212 (217 SE2d 450) (1975); *State v. Baker,* 146 Ga. App. 608 (247 SE2d 160) (1978). The state failed to lay the foundation. The trial court, having decided to rule on the admissibility of evidence prior to the trial, and upon the failure of the state thereafter to lay the foundation for the admissibility of the evidence, did not err in ruling as it did.

*Judgment affirmed. All the Justices concur, except Marshall and Weltner, JJ., who dissent.*

DECIDED MAY 25, 1982.

*Herbert A. Rivers, Solicitor, Charles S. Hunter, Assistant Solicitor,* for appellant.
*Hinson McAuliffe, Paul C. McCommon II,* amicus curiae.

---

[3] "In limine" means "at the threshold" or before the trial begins. Stevens v. State, 354 NE2d 727, 733 (Indiana 1976).