**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

June 12, 2018

# In the Court of Appeals of Georgia

A18A0652. THE STATE v. BOTTS.

MCFADDEN, Presiding Judge.

The state appeals the trial court's grant of Sarah Beth Botts' motion in limine to exclude evidence of her blood test in this prosecution for driving under the influence of drugs and endangering a child. The state argues that the trial court erred in conclusively ruling Botts' blood test inadmissible instead of reserving ruling until trial. The trial court's pretrial ruling was within his discretion, so we affirm.

Botts filed several pretrial motions, including a motion in limine to exclude evidence of the results of her blood test. She argued, among other things, that under OCGA § 40-6-392 (c) (2), the person who drew her blood was not qualified to do so. The trial court scheduled a hearing on her motion in limine as well as on her motion to suppress. In spite of Botts' allegations in her motion in limine of an insufficient

foundation to admit the blood-test results, the state presented no evidence regarding the blood draw; its only witness at the hearing was the arresting officer, who testified about stopping Botts and conducting field sobriety tests. The trial court granted the motion in limine and the state filed this appeal.

The state argues that a trial court's ruling on a motion in limine is only a preliminary ruling subject to being revisited at trial, so the court may not definitively rule on the admissibility of evidence challenged in a motion in limine. In effect, the state argues that it could ignore Botts' motion, decline to present evidence at the hearing on the motion, and instead address Botts' motion at trial. We disagree.

"In considering a pre-trial motion in limine . . . , the trial court may defer any ruling until trial, issue a conditional ruling, or make a definitive ruling admitting or excluding evidence." *State v. Battle*, 344 Ga. App. 565, 570 (2) n.4 (__ SE2d __) (2018). Of course, "[t]he trial court has the discretion to modify its rulings on a motion in limine at any time. . . ." *Bradford v. State*, 274 Ga. App. 659, 661 (3) (618 SE2d 709) (2005). See also Green, Ga. Law of Evidence § 1:10 ("The motion [in limine] may have two purposes: (1) to obtain a final ruling on the admissibility of the proffered evidence; and/or (2) to prevent any party from referring to the evidence until the trial court can rule on its admissibility at trial. . . . If the trial court does

2

choose to rule on admissibility before trial, its decision becomes binding on the future course of trial. To be sure, the court may revise, or even reverse, its ruling on a motion in limine to prevent manifest injustice.") (citations and punctuation omitted).

Citing *State v. Johnston*, 249 Ga. 413 (291 SE2d 543) (1982)., the state argues that the trial court was obligated to notify it in advance that the court had elected to make a pretrial ruling on the admissibility of the blood test. The state apparently relies on the language in *Johnston* that "[t]he trial court, having decided to rule on the admissibility of evidence prior to the trial, and upon the failure of the state *thereafter* to lay the foundation for the admissibility of the evidence, did not err in ruling as it did." *Johnston*, 249 Ga. at 415 (3) (emphasis supplied).

We do not read the *Johnston* court's use of the word "thereafter" as creating some kind of obligation on the court's part to notify the state of its intent to rule on the admissibility issue. In any event, the state had notice of the issue before the court. The state was served with the motion in limine "seeking to exclude in evidence blood test results" in which Botts requested the court to issue an order "holding inadmissible any blood tests drawn from the defendant," a permissible use of a motion in limine. And the state does not dispute that it was given notice of the hearing date. Further, as the trial court found in the order granting the motion in

3

limine, at the beginning of the hearing, Botts announced the issues she expected to address, including the motion in limine to exclude the evidence because "the state can't lay a proper foundation," and the state nonetheless announced that it was ready to proceed. Under these facts, the state has not shown that it lacked notice.

For these reasons, the trial court did not abuse his discretion in granting Botts' motion in limine to exclude evidence of her blood test.

*Judgment affirmed. Ray and Rickman, JJ., concur in judgment only.*\*


**\* THIS OPINION IS PHYSICAL PRECEDENT ONLY. SEE COURT OF APPEALS RULE 33.2(a).**