Louisville & N. R. Co. *v.* King.

[80 South. 490, Division A.]

1. Trial. *Verdict. Surplusage.*

Where a verdict was·rendered against a defendant for a part of the amount sued for, and against a stranger to the record for the remainder, judgment should have been entered against the defendant for the amount assessed against him, and the part of the judgment against the stranger to the record should be treated as surplusage.

2. TRIAL. *Ambiguous verdicts. Returning jury for further considera-*
*tion.*

Where a jury returns an ambiguous verdict, it is proper for the
court to return the jury to their room for another report and
further consideration.

APPEAL from the circuit court of Harrison county.
HON. J. H. NEVILLE, Judge.

Suit originally in justice of the peace court by Clifford
King against the Louisville & Nashville Railroad Com-
pany. From a judgment in the circuit court for plain-
tiffs, defendants appeal.

The facts are fully stated in the opinion of the court.

*H. Blumfield, Joel W. Goldsby* and *Gregory L. & H.*
*H. Smith,* for appellant.

The form of the first verdict was sufficient and legal,
for the supreme court of Mississippi has decided:
"Where the verdict contains all the laws requires, it
will be good, although the jury may have found as to
a matter not submitted. The illegal findings will be
surplusage, and will not violate that which was well
found." *Wintham* v. *Williams,* 27 Miss. 313; cited in
Vol. 4, Miss. Dig., page 48.

Where a verdict is substantially good, it may be put
in proper form by the court. *Hoggartt* v. *Montgomery,*
6 H. 93; *Montgomery* v. *Tollottson,* I. H. 215, cited in
Vol. 4, Miss. Dig., 48. Granting or refusing new trial
assignable for error. Code of 1909, sec. 801.

The appellant respectfully submits that the judgment
of the circuit court sustaining the amended motion to set
aside the verdict of the jury, rendered at the November
term, 1917, and granting a new trial, should be reversed
and judgment rendered in the supreme court, re-in-
stating the verdict and judgment rendered in favor of
the appellee for ten dollars at the November term, 1917.

But even if this court should be of the opinion that the circuit court properly sustained the said amended motion, this court should reverse the judgment rendered at the April term, 1918, for the errors assigned, and remand the case to the circuit court for a new trial.

*Dodds & Montgomery,* for appellee.

From the testimony of McManus, deputy circuit clerk, taken in support of the amended motion for new trial, it clearly appears that the verdict first brought in by the jury was a distinct finding for appellees; but that the jury felt itself tied up in the ten dollar lost clause in the bill of lading issued to Hightower. On considering this testimony, the court, without hesitation, seeing the injustice of allowing such a proceeding to stand, sustained the amended motion and granted a new trial. This disposes of appellants' first assignment of error. The case of *Windom* v. *Williams,* 27 Miss. 313, cited by appellant in brief, does not support this assignment of error.

The second assignment of error by appellant is without merit for the reason that the terms of the bill of lading issued to Hightower could, from no point of view, be competent evidence in settling the issue involved between the appellee, King, and the L. & N. R. R. Co.

The third and fourth assignments of error are in our judgment, without merit.

. We respectfully submit that on the whole record the three trials had in this matter, the judgment of the court below should be affirmed.

SMITH, C. J., delivered the opinion of the court.

This was a suit instituted before a justice of the peace by the appellee herein to recover from the ap-

119 Miss.—6

pellant the sum of ninety three dollars and fifty cents alleged to be due him for services rendered to the appellant at its special instance and request. There were two trials in the court below. In the first there was a judgment for the appellee for the sum of ten dollars which upon his motion was set aside and a new trial granted, which resulted in a judgment for appellee for the amount sued for.

The record discloses that a lot of furniture shipped over the appellant's road to E. W. Hightower at Gulfport, Miss., was badly damaged when delivered to him. The bill of lading under which the furniture was transported and to the introduction of which in evidence no objection was raised on the first trial contains a clause limiting the appellant's liability in the case of loss or damage to the furniture to ten dollars. The appellee testified, and he was supported therein by Hightower, that Duckworth, an employee of the appellant, went to Hightower's residence, accompanied by the appellee, and, after inspecting the furniture, employed appellee to repair it, stipulating only that the repairs should be satisfactory to Hightower, and that the appellee should not charge more than one hundred and fifty dollars therefor. Duckworth admitted going to Hightower's residence with the appellee, but denied having employed him to repair the furniture. The bill for his services rendered by the appellee to the appellant was made out against Hightower, he claiming to have been instructed so to do by the appellant's employee.

The ground of the motion to set aside the verdict and judgment in the first trial, upon which it is sought to uphold the action of the court below in so doing, is as follows:

"Plaintiff will show, on the hearing of this motion, by the clerk of the court: That the jury found and offered

to return into court the following verdict, to wit: 'We, the jury, find for the plaintiff in the sum of ninety-three dollars and fifty cents, ten dollars to be paid by the railroad company and eighty-three dollars and fifty cents with interest to be paid by Hightower.' That while the court could not receive this verdict, said verdict was a finding by the jury in favor of plaintiff on a *quantum meruit* for the services rendered, and that the verdict for ten dollars was based, not on the evidence as to the value of the services, but solely on the condition of release by Hightower, the shipper, contained in his bill of lading, and was inconsistent with the first attempted verdict, and did injustice to the plaintiff.''

The evidence in support thereof is that counsel for the parties agreed that the verdict might be received by the clerk of the court in the absence of the judge, and that, pursuant to this agreement, the jury reported to the clerk a verdict in the following language:

"We, the jury, as per B/L, decide that the L. N. R. R· Co., should pay to Hightower the sum of ten dollars, and that Hightower should pay to Clifford King the sum of ten dollars, and that said Hightower shall pay in addition to the ten dollars to Clifford King the sum of eighty-three dollars with six per cent. interest.

Before discharging the jury the clerk reported this verdict to the judge, who told him to tell the jury that the verdict could not be received, whereupon the jury returned to their room, and shortly thereafter reported a verdict in the following form:

"We, the jury find in favor of the appellant to the sum of ten dollars.''

Upon which the judgment afterwards set aside was entered.

The verdict first returned by the jury was either a finding that the plaintiff should recover against the defendant and Hightower the sum of ten dollars, and in

addition thereto from Hightower alone the sum of eighty-three dollars, or it was so ambiguous as to necessitate its being cleared up by the jury before their discharge. If the former, it should have been received, and a judgment in favor of the plaintiff, and against the defendant, for ten dollars should have been rendered thereon, for the reason that the finding that the plaintiff should recover against Hightower, who was not a party to the record, can be disregarded as surplusage, the rule being that where the verdict contains all that the law requires, it will be good, although the jury may include therein matters not submitted to them. *Windham* v. *Williams*, 27 Miss. 313. If the latter, that is, if the verdict, was ambiguous, it was proper to return the jury to their room for another report after further deliberation, so that the court below erred, not in rendering judgment on the verdict, but in afterwards setting that judgment aside and granting a new trial.

The judgment rendered on the second trial and the order setting aside the judgment rendered on the first will be set aside, and judgment first rendered will be reinstated.

Reversed, and judgment here for the defendant.

*Reversed.*