GILLESPIE *v.* OLIVE BRANCH BUILDING & LUMBER CO. *et al.*

(Division A. Nov. 4, 1935.)

[164 So. 42. No. 31837.]

Brewer & Montgomery, of Clarksdale, for appellant and cross-appellee, Mrs. Mittie R. Gillespie.

Holmes & Bowdre, of Hernando, and Winchester &
Bearman, of Memphis, Tenn., for appellees and cross-appellants, Olive Branch Building & Lumber Co., Inc.,
and R. A. McDougal.

E. J. Pollard and Logan & Barbee, all of Hernando, for appellee, J. H. Brewer.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was a passenger in an automobile owned by the Olive Branch Building & Lumber Company, which was being driven by its servant, R. A. McDougal. This automobile collided with another driven by J. H. Brewer, and the appellant was injured, and sued the Olive Branch Building & Lumber Company and J. H. Brewer therefor, alleging that they were jointly negligent in causing it.

The court instructed the jury for the appellant as follows: "The court instructs the jury that, if you find for the plaintiff and against all of the defendants, then the form of your verdict may be, 'We, the jury, find for the plaintiff as against the defendants, J. H. Brewer, Olive Branch Lumber & Building Company, and R. A. McDougal, and assess her damages at the sum of ———.' And if you find for the plaintiff, as against R. A. McDougal and the Olive Branch Lumber & Building Company, but not against the defendant, Brewer, the form of your verdict may be, 'We, the jury, find for the plaintiff as against defendants, R. A. McDougal and Olive Branch Lumber & Building Company, and assess her damages at the sum of $———.' Should you find a verdict against only the defendant, Brewer, the form of your verdict may be, 'We, the jury, find for the plaintiff as against defendant, J. H. Brewer, and assess her damages at the sum of $———.'"

The jury returned the following verdict:

"We, the jury find for the plaintiff as against the defendant, J. H. Brewer, and assess her damages at four thousand dollars."

"We, the jury, find for the plaintiff as against the defendants, Olive Branch Lumber & Building Co. and R. A.

McDougal, and assess her damages at three thousand five hundred dollars.''

When this verdict was returned, the court asked the attorneys representing the plaintiff and the defendants, ''whether or not this verdict should be received in the form in which it was returned by the jury.'' Counsel for plaintiff responded, ''Yes.'' Counsel for Brewer made no response, stating that they wished the record to show that they were silent. Counsel for the Olive Branch Building & Lumber Company objected to the receipt of the verdict in its then form. The court overruled this objection, received the verdict, and rendered joint judgment against the defendants for four thousand dollars. The appellant then filed a motion to set aside the verdict and render another for the sum of seven thousand five hundred dollars in accordance with the verdict returned in open court, which motion was overruled.

There is a direct appeal by the plaintiff, and a cross-appeal by the Olive Branch Building & Lumber Company and R. A. McDougal. J. H. Brewer did not appeal, but has appeared by counsel, and says that the judgment is correct.

The appellant says that the verdict was authorized by sections 605 and 606 of the Code of 1930, and that separate judgments should have been rendered in accordance therewith. These sections have no application here. For them to be applicable, ''The substantive law controlling the case must be such as to impose several separable and different respective liabilities.'' Mississippi Central R. Co. v. Roberts (Miss.), 160 So. 604, 607, a case of the exact nature of the one here.

The appellant further says that if sections 605 and 606, Code of 1930, are not applicable, a judgment should be rendered against all of the defendants for seven thousand five hundred dollars; the ground of this contention being that, since the liability is joint and not several, the jury had nothing to do with the apportioning of the damages, and, having fixed the damages at seven thousand five

·hundred dollars, the apportionment thereof should be treated as surplusage. This is not a proper case for the surplusage rule, though there seems to be some authority therefor in other jurisdictions. The jury rendered separate verdicts, and its verdicts may have been different, for aught we know, if the same damages are to be assessed against all of the defendants.

What the court below should have done was what the case of Mississippi Cent. R. Co. supra, said was the proper course to pursue, and that was to direct the jury to return to its room, clear up its verdict, and render one in accordance with the court's instructions.

Finally, the appellant says that if the judgment is improper it should be affirmed as to liability, reversed only as to the damages awarded, and remanded for a new trial on the issue of damages only. We think she is correct, and it will be so ordered.