## 56782. JORDAN v. ENSLEY.

BANKE, Judge.

The appellant suffered severe brain damage when his automobile collided with an automobile being driven by the appellee. As a result, he lapsed into a coma from which he is not expected to recover. The appellee initiated this litigation by bringing suit against the appellant but voluntarily dismissed her claim prior to trial, apparently as the result of a settlement. The case then proceeded to trial on a counterclaim filed by the appellant's father as next friend. The jury found in favor of the appellee, and the appellant appeals directly from the judgment entered on that verdict.

About an hour and a half after the collision, a police officer investigating the accident directed that a sample of the appellee's blood be taken for a blood-alcohol test. The results of this test showed that the alcohol content of her blood was .10 percent at the time the sample was taken. The appellee filed a motion in limine prior to trial seeking to exclude any reference to the test on the ground that the officer had failed to advise the appellee of her right to an additional test pursuant to Code Ann. § 68A-902.1 (Ga. L. 1974, pp. 633, 672; 1977, p. 1036). The trial court granted

the motion. *Held:*

1. Code Ann. § 68A-902.1 (a) (3) gives the recipient of state-administered blood-alcohol test the right to an additional blood, breath, or urine test "by a qualified person of his own choosing . . ." See *Hulsey v. State,* 138 Ga. App. 221 (225 SE2d 752) (1976). The statute further provides: "The arresting officer at the time of arrest shall advise the person arrested of his rights to a chemical test or tests according to this section." Code Ann. § 68A-902.1 (a) (4). If this provision is not strictly complied with, the test results are not admissible into evidence to show that the recipient was driving under the influence of alcohol. *Nelson v. State,* 135 Ga. App. 212 (217 SE2d 450) (1975).

It is the appellant's contention that the holding in *Nelson* applies only to criminal cases. However, we see no basis for such a limitation. The purpose of the notice requirement is to allow the recipient to challenge the accuracy of the state-administered test. See *Nelson v. State,* 135 Ga. App. 212, supra, at 214. As stated by Justice Hall in *Garrett v. Dept. of Public Safety,* 237 Ga. 413, 417 (228 SE2d 812) (1976) (dissenting opinion): "Code Ann. § 68A-902.1 seeks to insure that a driver who agrees to have a test made to try to clear himself of a criminal charge (or *civil liability*) can put up his own test evidence if he distrusts the state's test. The concern is with the reliability of evidence in the assignment of criminal *or civil* liability." (Emphasis supplied.) The statute by its express terms applies to both criminal and civil proceedings, and thus the exclusionary rule set forth in *Nelson* must apply to both.

The arresting officer in this case was unable to state specifically whether he had advised the appellee of her right to an additional test. Therefore, the trial judge was not in error in granting the motion in limine or in excluding the evidence as initially offered.

In view of this ruling, it is unnecessary to decide whether or not the officer ever actually "arrested" the appellee so as to obtain authority to take her blood sample in the first place. See Code Ann. § 68B-306.

2. The appellant contends that even though evidence of the blood test was not admissible to establish a presumption that the appellee was driving under the

influence, it should have been allowed for impeachment purposes. The appellee testified during the trial that she had consumed two 3-to-4-ounce glasses of wine during the three hours preceding the accident, but she insisted that she was not intoxicated. In an attempt to challenge this testimony, the appellant again offered the results of the blood-alcohol test, along with the testimony of a State Crime Laboratory expert to the effect that it would be impossible for someone of the appellee's weight to acquire a blood-alcohol content of .10 from ingesting only eight ounces of wine over a 3-hour period. The trial court disallowed this evidence in accordance with his previous ruling on the motion in limine.

The right to impeach witnesses, as set forth in Code § 38-1802, is one of the cornerstones of the adversary process. Even evidence which violates constitutional standards of due process, such as unlawfully obtained confessions, may be admitted for impeachment purposes. See Harris v. New York, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971). Although the requirements of Code Ann. § 68A-902.1, supra, must be adhered to strictly in order for any legal presumption as to sobriety to arise from a state-administered blood-alcohol test, a witness will not be allowed to use his or her rights under this statute as a license to present perjured testimony with impunity. Accordingly, we hold that even though the test results were not admissible to prove that the appellee was driving under the influence of intoxicants, they were admissible, subject to proper foundation, as the basis for expert testimony showing that the appellee was not telling the truth about the amount of alcohol that she had consumed prior to the collision. Cf. *Johnson v. State,* 146 Ga. App. 835 (2) (247 SE2d 513) (1978). The trial judge thus erred in concluding as a matter of law that the evidence could not be admitted for impeachment purposes.

3. It was not error to exclude the testimony of a nursing home administrator concerning the cost of nursing home care for someone in the appellant's condition. The appellant was not residing in a nursing home but at his parents' house, and they expressed no intention of placing him in a nursing home. Counsel asserted that the appellant might eventually need to be

placed in a nursing home if his parents became incapable of caring for him; however, this was purely a matter of speculation and afforded the jury no means of computing with reasonable certainty the amount of expenses which might thereby be incurred. Thus, the trial court did not err in concluding that the evidence was inadmissible. See generally, *Clayton County Bd. of Ed. v. Hooper,* 128 Ga. App. 817 (1) (198 SE2d 373) (1973).

4. The trial court excluded opinion evidence that the quality of care which the appellants had received at the hands of his parents was excellent. Counsel sought to introduce this evidence in an apparent effort to prove that the appellant would outlive his parents and, therefore, require nursing home care. Since we have previously ruled that there was no basis on which future nursing home expenses could be computed with reasonable certainty, we must conclude that there was no error in excluding this evidence.

5. The trial court correctly refused to charge on lost earnings since there was no evidence introduced to show that the appellant had ever been employed. Thus, there was no basis on which lost earnings could be computed with reasonable certainty. See *Douglas v. Rinker,* 134 Ga. App. 949, 950 (216 SE2d 629) (1975).

6. Any error in refusing to accept the father's testimony that the appellant had planned to pursue a career as a veterinarian was harmless, since it had already been shown that the appellant was accepted at college and expected to receive pre-veterinary training there.

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

ARGUED OCTOBER 4, 1978 — DECIDED FEBRUARY 1, 1979 — REHEARING DENIED FEBRUARY 15, 1979 —

*Van Gerpen, Bovis, Kyle & Burch, John V. Burch, Michael A. McKenzie,* for appellant.
*Hugh F. Newberry,* for appellee.