474 So.2d 577 (1985)
Max ADAMS, Natural Father, Next Friend and Guardian of Mark D. Adams and Johnny Mack Adams, Minors, et al.
v.
Morris H. GREEN, BTR Leasing, and Doris G. Edwards.
No. 55613.
Supreme Court of Mississippi.
August 7, 1985.
*579 Henry L. Tillman, Earl L. Koskela, Pascagoula, for appellant.
Ernest R. Schroeder, Pascagoula, John A. Banahan, Bryan, Nelson, Allen, Schroeder & Backstrom, Guy C. Faggard, Pascagoula, for appellee.
Before WALKER, P.J., and PRATHER and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
This is an appeal from a wrongful death action in the Circuit Court of Jackson County, Mississippi. Plaintiff/appellant Max Adams represents the wrongful death beneficiaries, Mark D. Adams and Johnny Mack Adams, children of Iver Janell Adams Howell and Max Adams; and the plaintiff/appellant John William Howell individually and as a representative of the wrongful death beneficiaries William Gary Howell and Jeffrey Alexander Howell, minors and children of the decedent, Iver Janell Adams Howell. Three defendants were ultimately tried in this case, Doris G. Edwards, the driver of the automobile in which the decedent was a passenger, Morris Green, driver of the tractor-trailer rig with which the automobile collided, and B T R Leasing, owner of the tractor-trailer rig.
On June 27, 1982, at approximately 8:00 p.m., Doris Edwards and her sister-in-law, Iver Janell Adams Howell, were traveling north on highway 63 just north of Moss Point, Mississippi. Doris was driving.
At approximately the same time, Morris H. Green was exiting Interstate 10 West in a tractor-trailer rig where I-10 intersects with highway 63. He proceeded to cross the northbound lanes of highway 63 to enter the median in order to turn left onto the southbound lanes of highway 63. As he crossed the highway, the car occupied by Doris Edwards and Nell Howell collided with the back of the trailer just in front of the rear tires. Nell Howell died as a result of the collision. She was survived by her children, Mark D. Adams and Johnny Mack Adams, from her prior marriage to Max Adams; and by her husband, John Howell, and their children, William Gary Howell and Jeffrey Alexander Howell.
Eleven witnesses testified at the trial. Factual issues were whether or not the tractor-trailer rig had one lane of highway 63 blocked; whether or not the Edwards' vehicle had its lights on; whether or not Doris Edwards had been drinking; whether or not Nell Howell had been drinking; whether or not the truck driven by Morris Green had its lights on; rate of speed at which the Edwards car was traveling when it struck the tractor-trailer rig; and whether Doris Edwards or Nell Howell was driving the Edwards vehicle. On this last point, Doris Edwards told the highway patrol officer that Nell Howell had been driving the vehicle but a witness at the scene of the accident testified that Doris Edwards was behind the wheel of the automobile and exited the car from the driver's side.
At the conclusion of the plaintiffs' case, the defendants B T R Leasing and Morris Green moved for a directed verdict. The trial court sustained the motion as to the issue of punitive damages only, but the issue of liability was submitted to the jury, on November 18, 1983, and the jury returned with the following verdict: "We, the jury find for the defendants, Morris H. Green and B T R Leasing." The verdict made no mention of the defendant, Doris Edwards. The appellants moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial. This motion was denied and this appeal was brought to this Court.
The first two assignments of error will be treated as one. The first assignment is that the form of the verdict is improper and not in accord with law; and the second *580 assignment is that the jury failed to return a verdict against the appellee, Doris G. Edwards.
We state at the outset that we have carefully reviewed all of the instructions offered by the appellants at the trial and we find that the jury was never instructed to return a verdict for the appellants if they were to find that the negligence of Doris G. Edwards was the sole and proximate cause of the death of her sister-in-law, Nell Howell. The jury was instructed for the appellants that if they were to find that Doris G. Edwards and Morris Green jointly, or Morris Green, individually, negligently caused the death of Nell Howell, they were to return a verdict for the plaintiffs.
On behalf of the appellees Green and BTR Leasing, the jury was instructed that if they were to find the negligence of Doris G. Edwards caused the death of Nell Howell, instead of the negligence of Green, the jury was to return a verdict for the defendants, Green and BTR Leasing. The jury was further instructed for these two appellees that if the jury found in favor of Morris H. Green and BTR Leasing the form of the verdict may be: "We, the jury find for the defendants, Morris H. Green and BTR Leasing." This was the form of the verdict that was rendered by the jury.
The jury was instructed on behalf of the appellee, Doris G. Edwards, that unless the plaintiffs have shown by a preponderance of the evidence that there was negligence on the part of Doris G. Edwards which proximately caused or contributed to the accident, then it was the duty of the jury to return a verdict for the defendant, Doris G. Edwards. The jury was further instructed that if they were to find that the negligence of Green and not the negligence of Doris G. Edwards caused the death of Nell Howell, they were to find for the defendant, Doris G. Edwards. The jury was further instructed that the form of their verdict, if they did find in favor of Doris G. Edwards, may be "We, the jury, find for the defendant, Doris G. Edwards." This form of the verdict was never returned by the jury.
From our review, it is apparent that the appellant never instructed the jury to find against Doris G. Edwards individually. It is further apparent that the jury rejected all of the instructions offered on behalf of the appellee Doris G. Edwards. As pointed out above, one of these instructions expressly directed that, "unless" the plaintiffs show that the negligence of Doris G. Edwards caused the accident, they were to return a verdict for Doris G. Edwards. This the jury did not do.
When the verdict was returned, there was no objection by any party as to the form of the verdict and the trial judge dismissed the jury.
Mississippi Code Annotated § 11-7-161 (1972) provides that "[i]f the verdict is not responsive to the issue submitted to the jury, the court shall call their attention thereto and send them back for further deliberation."
In Universal C.I.T. Credit Corp. v. Turner, 56 So.2d 800 (Miss. 1952), the jury had returned a verdict for the plaintiff for conversion against three defendants. The first verdict returned had assessed damages to each defendant. The judge explained to the jury that the verdict was not in proper form since damages cannot be divided among joint tort feasors. He sent them back to reform the verdict. On appeal, we affirmed and said that, "[t]he trial court was under the duty to see that loss of time and the expense of the trial should not be nullified by failure to put their verdict in proper form." Id. at 803.
In Saucier v. Walker, 203 So.2d 299 (Miss. 1967), plaintiff had brought a negligence action against five defendants. The jury returned a verdict for the plaintiff, but named only three of the defendants and apportioned the damages assigned to each. Two of the defendants were left out of the verdict, and no verdict was returned against them at all. Appellant made no objection to the form of the verdict, nor did he request that the jury be returned to the jury room to reword the verdict and bring *581 it in in proper form. The trial judge did not return the jury to the jury room and accepted the verdict. Speaking through Stokes Robertson, J., the Supreme Court said that in a case where the form of the verdict is ambiguous, confusing and improper, the attorney for the appellant should request that the jury be returned to the jury room to reword their verdict and to bring in a verdict in the proper form. However, in the absence of the request from the appellants that this be done, the Supreme Court has placed the responsibility and duty squarely on the shoulders of the trial judge to, on its own motion, order the jury to return to the jury room to reform and reword their verdict and to bring in a verdict in proper form.
We note that in Saucier, supra, three of the defendants were found to be liable and no verdict was returned against the remaining two defendants. Under the peculiar facts of Saucier, we held that, as to the two defendants against whom no verdict was returned, evidence in the record was clear that there had been no negligence by those two defendants and the failure of the jury to return a verdict against them amounted to a judgment in their behalf, and it was not error that the verdict not be reformed as to them. This is not the situation in the case sub judice, where the jury returned a verdict in favor of two of the defendants and remained silent as to the third defendant on a record that clearly indicates that among the three defendants some liability attached.
As recently as 1980 in Harrison v. Smith, 379 So.2d 517 (Miss. 1980), Bowling, J., speaking for the Court, restated the affirmative duty of the trial judge to order the jury to return to the jury room to reword their verdict and bring in a verdict in proper form, without a prior request from appellant before discharging the jury in instances where the form of the verdict is ambiguous, confusing, and improper. Id. at 519.
As we noted in Capital Transport Co. v. McDuff, 319 So.2d 658 (Miss. 1975), in what is admittedly dicta, it is equally possible, rather than concluding that a jury exonerated an omitted defendant, to conclude that the jury found him guilty of negligence. Otherwise, the verdict could not be explained and the verdict of a jury must be accorded the presumption of rightfulness.
On the record before us and based on the statute and the authorities cited, we find that as to defendants Green and BTR Leasing there is no merit to this assignment of error. The verdict on behalf of those two defendants expressly found for them, using the form of the verdict given in an instruction and approved by the court. Furthermore, the verdict for Green and BTR Leasing is not against the overwhelming weight of the evidence nor as to that verdict was the denial of the motion for judgment notwithstanding the verdict or, in the alternative, a new trial in error.
However, as to the defendant Doris G. Edwards, the court committed reversible error when it failed to return the jury to the jury room to reform the verdict as to the question of the liability of Doris G. Edwards, and the failure to do so resulted in a mistrial as to this defendant. This is true despite the appellants' failure to request an instruction against Doris G. Edwards, individually.
We affirm the verdict and judgment for the defendants Green and BTR Leasing, but reverse and remand the case to determine the liability, if any, of the defendant Doris G. Edwards.
The third assignment of error is that the verdict of the jury was against the overwhelming weight of the evidence. Because of our remand as to the defendant Doris G. Edwards, it is unnecessary for us to address this assignment as it would apply to her.
There were obvious conflicts in the testimony presented to the jury and under our law the resolution of those conflicts were in the province of the jury. Our Supreme Court will not set aside the verdict of a jury unless it is clear that the verdict is contrary to the overwhelming weight of the credible testimony. Travelers *582 Indemnity Co. v. Rawson, 222 So.2d 131, 134 (Miss. 1969). From the evidence in this record which was presented to this jury, it is far from clear that the verdict returned in favor of the defendants Green and BTR Leasing Co. was against the overwhelming weight of the evidence. As to those defendants, there is no merit to this assignment of error.
The fourth assignment of error is that the trial court erred in not granting a judgment notwithstanding the verdict or, in the alternative, granting a new trial.
We discuss this assignment as it applies only to the defendants Morris H. Green and BTR Leasing, as we have already ordered that the case be reversed and remanded as to the defendant Doris G. Edwards on other grounds.
The test of determining whether a motion for a judgment notwithstanding the verdict should be granted was set out in Jesco, Inc. v. Whitehead, 451 So.2d 706 (Miss. 1984).
The motion for j.n.o.v. tests the legal sufficiency of the evidence supporting the verdict. It asks the Court to hold, as a matter of law, that the verdict may not stand. Where a motion for j.n.o.v. has been made, the trial court must consider all of the evidence  not just evidence which supports the non-movant's case  in the light most favorable to the party opposed to the motion. The non-movant must also be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point so overwhelmingly in favor of the movant that reasonable men could not have arrived at a contrary verdict, granting the motion is required. On the other hand, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied and the jury's verdict allowed to stand. Id. at 713.
A greater quantum of evidence favoring the party against whom the motion is made is necessary for that party to withstand a motion for a new trial as distinguished from a motion for j.n.o.v. Under our established case law, the trial judge should set aside a jury's verdict when, in the exercise of his sound discretion, he is convinced that the verdict is contrary to the substantial weight of the evidence. Id. at 714.
The trial judge was correct in not granting the motion for judgment notwithstanding the verdict, as there is substantial evidence opposed to the motion of such quality and weight that reasonable men in the exercise of impartial judgment might reach different conclusions. Therefore, the jury's verdict as to these two defendants was properly allowed to stand.
As to the alternative motion for a new trial, Jesco, Inc. v. Whitehead, supra, also points out the test that the trial judge should in the exercise of his sound discretion order a new trial only when he is convinced that the verdict is contrary to the substantial weight of the evidence.
The standard for reviewing the action of a trial court in the granting or refusing of a new trial was set out in the case of Dorr v. Watson, 28 Miss. 383 (1854), and has been consistently applied in case after case thereafter:
The granting of a new trial rests in a great measure upon the sound discretion of the court below, to be exercised under all the circumstances of the case with reference to several legal rules as well as the justice of a particular case. If a new trial be refused, a strong case must be shown to authorize the appellate court to say that it was error; and so, if it be granted, it must be manifest that it was improperly granted.
Id. at 395.
There is no suggestion in this record of manifest error on the part of the trial court in refusing the motion for a new trial, as the motion applies to defendants Green and BTR Leasing. This assignment of error is *583 without merit. Dorr at 395; Rule 59, Miss. Rules of Civ.P.
Appellees/cross-appellants, Green and BTR Leasing, assign as error the action of the trial court in refusing to admit into evidence the results of the blood alcohol test taken on Nell Howell. Appellees/cross-appellants argue that even though the admission of the results of this test is prohibited under Mississippi Code Annotated § 63-11-43 (1972), and our holding in Stong v. Freeman Truck Line, Inc., 456 So.2d 698 (Miss. 1984), they argue that the test results should be admitted for impeachment purposes to impeach the testimony of Doris Edwards, who testified that Nell Howell had only had one beer that morning. In support of this position, they cite Jordan v. Ensley, 149 Ga. App. 67, 253 S.E.2d 414 (1979). This assignment is specious. The Georgia case cited did allow the test results into evidence for impeachment purposes, but the case was based upon a Georgia statute which makes this possible. Such is not the case in Mississippi.
There is no merit to this assignment.
The second assignment of error of cross-appellants that the trial court erred in refusing to instruct the jury on the negligence per se of Doris Edwards in operating her vehicle under the influence of alcohol, has merit. It is not determinative of the results of the jury trial already had which exonerated Green and BTR Leasing but will be addressed for the reason that the case is being remanded for trial on the liability of Doris G. Edwards. These defendants offered instruction D 1-14, which would have instructed the jury that if they found from a preponderance of the evidence that Doris G. Edwards at the time of the accident was under the influence of intoxicating liquor then she was negligent as a matter of law, and if the jury further found that that negligence was the sole proximate cause of the accident, then it would be the jury's duty to find for the defendants, Green and BTR Leasing. This instruction was refused. The testimony from at least three law enforcement officers that Doris smelled of alcohol after the accident was sufficient to present this issue to the jury. One of the officers testified that two beer cans were found in the car. There was also testimony of the befuddled, confused state of Mrs. Edwards on the scene after the accident. There was further Mrs. Edwards' statement to the highway patrolman at the scene of the accident that Mrs. Howell had been driving the vehicle, and the patrolman's testimony that she later admitted she was driving, stating that she had denied driving because she had been drinking.
"[D]riving an automobile on the highway under the influence of intoxicants ... is not only dangerous ... it is per se negligence, and if such negligence contributed to the injury of the plaintiff, the defendant is liable in damages." Allen v. Blanks, 384 So.2d 63, 67-68 (Miss. 1980); quoting from Freeze v. Taylor, 257 So.2d 509, 511 (Miss. 1972).
In Allen v. Blanks, the trial court refused a negligence per se instruction. We held that this was error. We agree that of course there must be sufficient evidence of intoxication and causation before the instruction can be given but that is the same threshold question for any fact issue going to the jury. In our opinion, the evidence on this record was sufficient to submit the intoxication/negligence issue to the jury with the negligence per se instruction.
We point out, however, that this assignment of error is without effect on the results of this case, as it was raised by the two defendants whom the jury has already exonerated.
We now address the sole issue raised by the brief of Doris G. Edwards but not assigned by her as error.
During the testimony of Doris Edwards she attempted to invoke the medical privilege concerning her medical records from her hospitalization at the Singing River Hospital following the accident. There followed an argument before the court in the absence of the jury between the attorneys for the appellees concerning a purported waiver of the medical privilege in a deposition *584 of Mrs. Doris G. Edwards. At the conclusion of the argument, the court admitted the evidence into the record. A copy of Doris G. Edwards' laboratory reports dated June 27, 1982, were then admitted. They showed a 1.59 blood alcohol content. Also admitted into evidence was the subpoena duces tecum issued for the hospital records and the affidavit by the custodian of the hospital records for the Singing River Hospital.
The threshold issue necessarily becomes whether this issue is before the Supreme Court at all. This is so because Doris G. Edwards filed no assignment of error and merely argued the point in her brief. We may take up the matter under Mississippi Supreme Court Rule 6(b), which states that "[n]o error not distinctly assigned shall be argued by counsel except upon request of the Court, but the Court may, at its option, notice a plain error not assigned or distinctly specified."
In order to invoke the "plain error" exception, at least two justices of this Court must want to hear the question. Wright v. Illinois Central Railroad Co., 196 Miss. 150, 16 So.2d 381 (1944); Allen v. Ritter, 235 So.2d 253 (Miss. 1970); Niles v. Sanders, 218 So.2d 428 (Miss. 1969); Robbins v. Berry, 209 Miss. 422, 47 So.2d 846 (1950). "The primary purpose of the plain error rule is to prevent a manifest miscarriage of justice." Johnson v. State, 452 So.2d 850, 853 (Miss. 1984).
We decline to take up this issue under the "plain error" doctrine, as it was not assigned as error or properly briefed under our Rules.
The verdict of the jury and judgment of the court for the defendants Morris H. Green and BTR Leasing is affirmed. The case is remanded to the trial court for a new trial to determine the liability, if any, of defendant Doris G. Edwards.
AFFIRMED AS TO DEFENDANTS GREEN AND BTR LEASING: REMANDED AS TO DEFENDANT DORIS G. EDWARDS.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and ANDERSON, JJ., concur.