500 So.2d 970 (1986)
BAKER SERVICE TOOLS, INC., et al.
v.
Angela Carol BUCKLEY.
No. 55933.
Supreme Court of Mississippi.
November 19, 1986.
Rehearing Denied February 4, 1987.
Dorrance Aultman, George E. Dent, Aultman, Tyner, McNeese & Ruffin, Hattiesburg, for appellants.
Dan C. Taylor, Ellisville, John K. Keyes, Collins, for appellee.
Before WALKER, C.J., and SULLIVAN and ANDERSON, JJ.
WALKER, Chief Justice for the Court:
Angela Buckley, a minor, by and through her next friend filed suit against Baker Service Tools, Inc. and Garner Delk for injuries arising out of a multi-vehicle collision. After trial in the Circuit Court of Covington County, the jury returned a verdict in favor of Buckley against both defendants. Baker Service Tools, Inc. and Delk appeal. Because the verdict of the jury was contrary to the substantial weight of the evidence, we reverse.
On August 17, 1977, Angela Buckley was driving a Ford LTD west on Highway 84 near New Hebron, Mississippi. Behind Buckley's automobile was a pickup truck travelling in the same direction. That truck was driven by Garner Delk, an employee of Baker Service Tools, Inc. Delk was driving to Prentiss on an assignment from his employer. Travelling on the same highway but from the opposite direction was an eighteen-wheel truck driven by Earnest Deans. The three vehicles approached an intersection, Deans from the west, and Buckley and Delk from the east. Buckley's automobile crossed the center line into the path of the oncoming eighteen-wheel truck. Although the cause of her crossing into the lane of oncoming traffic is in controversy, the result is undisputed: Buckley's automobile was struck by the eighteen-wheel truck. She suffered severe injuries including fractures of both legs, fractures of ribs, and multiple facial lacerations. The injuries required lengthy hospitalization and extensive treatment including several surgical procedures. Medical testimony indicated that Buckley suffered a twenty-five percent (25%) permanent partial impairment of her left leg and a five percent (5%) permanent partial impairment of her right leg.
Buckley's testimony as to how the accident occurred was as follows: Delk's pickup was approximately one car length behind her when she reached the intersection. After she made a left-turn signal, she stopped, and Delk struck her from behind and forced her automobile into the lane of oncoming traffic, where it was struck by the eighteen-wheel truck. Buckley was apparently knocked unconscious when the eighteen-wheel truck collided with her automobile, and she remembers nothing subsequent to that impact.
*971 In stark contrast to this version is the testimony of Garner Delk, which was as follows: He was approximately seventy (70) to eighty (80) feet behind Buckley's automobile when she reached the intersection. He saw her begin to turn left, realized the oncoming eighteen-wheel truck was going to hit her, and stopped his pickup a distance behind her automobile. The collision occurred immediately, and Buckley's LTD was knocked back into Delk's pickup. The right rear quarter panel of her car struck the front right half of Delk's truck causing minor damage to the quarter panel of her LTD.
The jury returned a verdict for Angela Buckley and awarded her $400,000.00 in damages. The trial court entered a remittitur of $191,000.00. Delk and Baker Service Tools, Inc. raise four (4) issues on appeal. Because the first is dispositive, we do not reach the remaining three (3).
Baker Service Tools, Inc. and Delk argue on appeal that the verdict was against the overwhelming weight of the evidence, and that therefore the trial court erred in denying their motions for a directed verdict and for a judgment notwithstanding the verdict. They argue that because the verdict was contrary to the overwhelming weight of the evidence, they are entitled to a new trial.
As noted above, Buckley testified that Delk's truck collided with her automobile, propelling it into the path of the oncoming truck. Delk claimed that he stopped before reaching Buckley's automobile and that she turned into the path of the oncoming eighteen-wheel truck. The record reveals that the only evidence in support of Buckley's version is her testimony and the testimony of her father that one week after the accident Delk came to his office and admitted that he struck Buckley from behind. At trial Delk denied making such a statement. Thus the verdict is supported by the testimony of Buckley and that of her father. Delk's version, on the other hand, is corroborated by the testimony of two eyewitnesses. The driver of the eighteen-wheel truck testified that Delk stopped before reaching Buckley's automobile and that Delk did not strike the automobile before it entered the lane of oncoming traffic. Similarly, a passenger in a vehicle travelling behind Delk at the time of the incident testified that Delk stopped before reaching Buckley's automobile. Even more persuasive are the photographs introduced at trial which reveal no damage to the rear of Buckley's automobile. According to Buckley's testimony, she was stopped with her foot on the brake when Delk struck her from behind. Thus, in order to return a verdict for Buckley, the jury had to believe that a Ford LTD could, while the driver had her foot on the brake, be struck from behind with enough force to push it into the lane of oncoming traffic, and yet sustain no visible damage to the rear of the automobile.
This Court is reluctant to disturb the verdict of a jury. Elsworth v. Glindmeyer, 234 So.2d 312 (Miss. 1970). That reluctance, however, may be overcome. In Elsworth Justice Brady wrote of the circumstances under which a jury verdict should be set aside:
[A] jury verdict is no magic talesman or philosophers' stone which can by its pronouncement per se change the base ore of impossibility into the royal metal of fact. A verdict does not by its utterance create that which cannot be determined rationally to have existed. A verdict cannot metamorphose an incredible assumption into a plausible fact worthy of being accepted as a reality.... No court is required to believe, or should be bound by improbable, incredulous, or unreasonable evidence supporting a verdict, as in the case at bar, which is violative of physical laws, human experience and common sense, and which intrudes into the realm of the supernatural.
Elsworth at 327.
We cannot say that the trial judge erred in denying Baker's and Delk's motions for directed verdict and judgment notwithstanding the verdict; because, in considering the motion for directed verdict at the close of Buckley's case, the trial judge could consider only the plaintiff's evidence *972 and favorable inferences flowing therefrom. Paymaster Oil Mill Company v. Mitchell, 319 So.2d 652 (Miss. 1975). After Baker and Garner put on their evidence, the trial judge considered their request for a peremptory instruction and later their motion for a judgment notwithstanding the verdict. When the trial judge considered the request and subsequent motion, he had heard all the evidence from both parties, and his task was to consider the plaintiff's evidence, along with any uncontradicted evidence put on by the defendants, all in the light most favorable to the plaintiff. Bay Springs Forest Products, Inc. v. Wade, 435 So.2d 690 (Miss. 1983); Paymaster Oil, 319 So.2d at 652. If the plaintiff's evidence and reasonable inferences therefrom viewed favorably to the plaintiff are sufficient to support a verdict, then the motion for directed verdict must be denied. Paymaster Oil, 319 So.2d at 652. If the plaintiff's evidence and the uncontradicted evidence of the defendant, all considered in the light most favorable to the plaintiff, are such that reasonable jurors could differ as to the verdict, then the peremptory instruction must be refused and the motion for judgment notwithstanding the verdict must be denied. Adams v. Green, 474 So.2d 577 (Miss. 1985); Paymaster Oil, 319 So.2d at 652. In applying these standards to the case at bar, we conclude that the trial judge did not err in denying the motion for a directed verdict, nor did he err in denying the motion for judgment notwithstanding the verdict.
A different standard applies, however, to Baker's and Delk's motion for a new trial. When the verdict is contrary to the substantial weight of the evidence, the trial judge should grant a new trial. Adams v. Green, 474 So.2d 577 (Miss. 1985). Although the denial of a motion for a new trial is to a great degree in the sound discretion of the trial judge, we may reverse when the denial of the motion is manifestly wrong. Id. Because, in the case at bar, both the physical evidence and the testimony of two disinterested witnesses supported Delk's version of the incident, we are persuaded that the trial court erred in refusing to grant a new trial to Baker Service Tools, Inc. and Garner Delk.
REVERSED AND REMANDED FOR A NEW TRIAL.
ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
DAN M. LEE, J., not participating.