IN THE SUPREME COURT OF MISSISSIPPI
NO. 97-CT-00536-SCT

*ROBERT S. BYARS AND SARA BYARS*

*v.*

*MOORE PLANTING COMPANY, INC.*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 01/27/97 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | CLAIBORNE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | FRANK J. DANTONE, JR. |
| | FRITZIE T. YOUNGMAN |
| ATTORNEYS FOR APPELLEE: | H. GRAY LAIRD III |
| | JAN GADOW |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED - 01/27/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/17/2000 |

## EN BANC.

## MILLS, JUSTICE, FOR THE COURT:

¶1. Robert and Sara Byars sued Moore Planting Company in Claiborne County Circuit Court for personal injuries and loss of consortium allegedly suffered by the Mr. and Mrs Byars due to a collision between the truck driven by Robert Byars and a truck driven by A.D. Dukes, an employee of Moore Planting. The jury found both parties equally negligent and "assess[ed] the Plaintiff's damages at $15,000 total x 50% = $7,500." The Court of Appeals reversed the judgment of the circuit court and remanded for a new trial. ***Byars v. Moore Planting Co.***, No. 97-CA-00536-COA (Miss. Ct. App. Feb 23, 1999). This Court granted Moore Planting's petition for certiorari to consider whether the finding of reversible error was proper. Finding no reversible error by the circuit court, we reverse the judgment of the Court of Appeals and reinstate the judgment of the circuit court.

### STATEMENT OF THE FACTS

¶2. Robert Byars sought damages for personal injuries received in an accident involving Byars's pickup truck and an eighteen-wheeler owned by Moore Planting Co., being driven at the time by A.D. Dukes. The

accident occurred in Port Gibson, Mississippi, on October 12, 1994. Sara Byars, Robert's wife, sought damages for loss of consortium in the same complaint.

¶3. Byars, who was employed by the U.S. Army Corps of Engineers at the time of the accident, was driving south through Port Gibson on Highway 61 at the time of the accident. Dukes was driving his eighteen-wheeler in the same irection. Dukes attempted to make a right turn onto Orange Street, and at that time his truck and Byars's truck collided. Byars stated that Dukes was negligent in trying to make a right turn from the left lane; Dukes stated that he was driving properly and Byars had attempted to beat Dukes through the intersection on Dukes's right, causing the accident. Both drivers agreed that they were driving five miles per hour or less at the time of the collision.

¶4. During the course of the trial, Moore Planting raised the issue of Robert Byars's negligence in operating his truck and asked the trial court to instruct the jury on the principles of comparative negligence. The trial court granted Moore Planting's request, and the jury returned their handwritten verdict as follows:

> We the jury find both parties equally negligent and assess the Plaintiff's damages at $15,000 total x 50% = $7500.00.

The Jury Verdict and Judgment which was subsequently entered followed the form of this verdict, except that it replaced "Plaintiff's" with "Plaintiffs'." Robert and Sara Byars sought relief from the trial court in their j.n.o.v./new trial motion, which was denied. At no time during the trial proceedings, or post-trial proceedings, did Mr. and Mrs. Byars allege that the form of the verdict was faulty.

¶5. On appeal Mr. and Mrs. Byars raise for the first time the argument that the form of the jury's verdict amounts to reversible error because it referred only to the "Plaintiff's" damages, and not both plaintiffs. In an 8-2 decision the Court of Appeals reversed, finding as a matter of plain error that the jury had failed to follow its instructions and the verdict was "vague and incomplete" as to which plaintiff had recovered.

## DISCUSSION

¶6. Mr. and Mrs. Byars rely on Miss. Code Ann. § 11-7-161 (1972), which states: "If the verdict is not responsive to the issue submitted to the jury, the court shall call their attention thereto and send them back for further deliberation." Mr. and Mrs. Byars also cite ***Harrison v. Smith***, 379 So.2d 517, 519 (Miss. 1980), which states that this burden of reviewing the jury verdict is the responsibility of the trial court even where it is not raised by the parties.

¶7. The Court of Appeals' dissent found that the majority had placed too much emphasis on "some unknown juror's punctuation skills" in holding this to be a verdict for only one of the Byarses. The dissent further found that it was evident that the jury's verdict was a joint verdict in favor of both plaintiffs, even to plaintiffs' counsel, who corrected the punctuation error when drafting the Jury Verdict and Judgment. The dissent found that the Byarses' Instruction 17 was "poorly drafted and incorrectly suggested that the jury ought to return one 'sum of money' as damages for both plaintiffs, rather than two separate amounts" and also used the singular "Plaintiff's" when referring to damages. Finally, the dissent found that the jury's verdict was responsive to Instruction 17, and the Byarses should not be heard to complain about it on appeal.

## CONCLUSION

¶8. We find the logic of the Court of Appeals' dissent to be persuasive in this case. The Court of Appeals

erred in finding plain error in the wording of the jury's verdict. The judgment of the Court of Appeals is reversed. The judgment of the Claiborne County Circuit Court is reinstated.

¶9. **REVERSED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, SMITH, WALLER AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

**McRAE, JUSTICE, DISSENTING:**

¶10. The majority errs in reversing the decision of the Court of Appeals to overturn this case based on the ambiguous verdict rendered by the jury. Because the verdict was ambiguous, the trial court had a duty to order the jury back into the jury room to reword the verdict in order that it should state unequivocally the jury's intentions as to **both** plaintiffs.The trial court's failure to do so was error and the case should be reversed and remanded for a new trial.

¶11. In *Adams v. Green*, 474 So.2d 577 (Miss. 1985), plaintiff brought suit against three defendants in a case arising from an automobile accident. The jury returned a verdict finding in favor of two of the defendants; no mention, however, was made of the third defendant. We held that the trial court "committed reversible error when it failed to return the jury to the jury room to reform the verdict as to the question of liability of [the third defendant] and the failure to do so resulted in a mistrial as to this defendant." *Adams*, 474 So.2d at 581. *See also* *Harrison v. Smith*, 379 So.2d 517 (Miss. 1980) (where jury's verdict inconsistent with comparative negligence instructions, court had duty to order jury to deliberate further); *Mississippi Power Co. v. Jones*, 369 So.2d 1381 (Miss. 1979); *Gillespie v. Olive Branch Building & Lumber Co.*, 174 Miss. 154, 164 So. 42 (1935); *Louisville & N.R. Co. v. King*, 119 Miss. 79, 80 So. 490 (1919). The same must be said of the verdict in this case. Because the verdict is not clear and unambiguous as to both plaintiffs, the trial court had a duty to require the jury to reform the verdict. The jury may well have never addressed Sara's claim; the verdict employed the term **plaintiff's.**

¶12. The majority finds that the verdict was responsive to instruction 17 but a different instruction, no. 1, told the jury that it was **to render separate verdicts** for each of the two plaintiffs. Instruction No. 1 read as follows:

> When any nine of you agree on a verdict, it may be returned as the verdict of the entire jury. In that event, your verdict need not be signed, should be written on a separate sheet of paper and may be in either of the following forms:
>
> If you find for the Plaintiff, Robert S. Byars:
>
> "We the jury find for the Plaintiff, Robert S. Byars, and assess his damages at $_____." )
>
> If you also find for the Plaintiff, Sara Byars:
>
> "We the jury find for the Plaintiff, Sara Byars, and assess her damages at $_____."

If you find for the Defendant, Moore Planting Company:

"We the jury find for the Defendant."

¶13. Because the jury did not follow this instruction, we do not know if the verdict of $15,000 was to compensate both plaintiffs for a loss of $7,500 each or whether the jury found that one plaintiff was damaged in an amount of $15,000 and the other $0 or whether each plaintiff was damaged in an amount that together equaled $15,000.

¶14. The Mississippi Code places the responsibility of raising non-responsive errors in the jury's verdict squarely with the trial judge: "[i]f the verdict is not responsive to the issue submitted to the jury, the court shall call their attention thereto and send them back for further deliberation." Miss. Code Ann. § 11-7-161 (1972). The fact that the plaintiffs failed to raise this matter prior to appealing the verdict is immaterial. The question has to be asked given the majority's opinion- why does the judge need to look to see if the form of the verdict is correct?

¶15. The Mississippi Court of Appeals was correct in its analysis of this case; the majority errs in reversing the decision of that Court and, therefore, I dissent.