McRAE, Justice,
dissenting:
¶ 10. The majority errs in reversing the decision of the Court of Appeals to overturn this case based on the ambiguous verdict rendered by the jury. Because the verdict was ambiguous, the trial court had a duty to order the jury back into the jury room to reword the verdict in order that it should state unequivocally the jury’s intentions as to both plaintiffs. The trial court’s failure to do so was error and the case should be reversed and remanded for a new trial.
¶ 11. In Adams v. Green, 474 So.2d 577 (Miss.1985), plaintiff brought suit against three defendants in a case arising from an automobile accident. The jury returned a verdict finding in favor of two of the defendants; no mention, however, was made of the third defendant. We held that the trial court “committed reversible error when it failed to return the jury to the jury room to reform the verdict as to the question of liability of [the third defendant] and the failure to do so resulted in a mistrial as to this defendant.” Adams, 474 So.2d at 581. See also Harrison v. Smith, 379 So.2d 517 (Miss.1980) (where jury’s verdict inconsistent with comparative negligence instructions, court had duty to order jury to deliberate further); Mississippi Power Co. v. Jones, 369 So.2d 1381 (Miss.1979); Gillespie v. Olive Branch Building & Lumber Co., 174 Miss. 154, 164 So. 42 (1935); Louisville & N.R. Co. v. King, 119 Miss. 79, 80 So. 490 (1919). The same must be said of the verdict in this case. Because the verdict is not clear and unambiguous as to both plaintiffs, the trial court had a duty to require the jury to reform the verdict. The jury may well have never addressed Sara’s claim; the verdict employed the term plaintiffs.
¶ 12. The majority finds that the verdict was responsive to instruction 17 but a different instruction, no. 1, told the jury that it was to render separate verdicts for each of the two plaintiffs. Instruction No. 1 read as follows:
When any nine of you agree on a verdict, it may be returned as the verdict of the entire jury. In that event, your verdict need not be signed, should be written on a separate sheet of paper and may be in either of the following forms: *418 If you find for the Plaintiff, Robert S. Byars:
“We the jury find for the Plaintiff, Robert S. Byars, and assess his damages at
If you also find for the Plaintiff, Sara Byars:
“We the jury find for the Plaintiff, Sara Byars, and assess her damages at $_”
If you find for the Defendant, Moore Planting Company:
“We the jury find for the Defendant.”
¶ 13. Because the jury did not follow this instruction, we do not know if the verdict of $15,000 was to compensate both plaintiffs for a loss of $7,500 each or whether the jury found that one plaintiff was damaged in an amount of $15,000 and the other $0 or whether each plaintiff was damaged in an amount that together equaled $15,-000.
¶ 14. The Mississippi Code places the responsibility of raising non-responsive errors in the jury’s verdict squarely with the trial judge: “[i]f the verdict is not responsive to the issue submitted to the jury, the court shall call their attention thereto and send them back for further deliberation.” Miss.Code Ann. § 11-7-161 (1972). The fact that the plaintiffs failed to raise this matter prior to appealing the verdict is immaterial. The question has to be asked given the majority’s opinion why does the judge need to look to see if the form of the verdict is correct?
¶ 15. The Mississippi Court of Appeals was correct in its analysis of this case; the majority errs in reversing the decision of that Court and, therefore, I dissent.