FAIR, J., for the Court:
¶ 1. Tommy Johnson filed a complaint against Marty Cumberland for battery. Cumberland counterclaimed for alienation of affection. The jury found in favor of Cumberland on the battery complaint and awarded him $10,000 for alienation of affection. Johnson appeals claiming eight errors by the trial court. As we find it was error to recall the jury to reach a verdict on the alienation of affection claim, we reverse the judgment on that claim and remand this case for further proceedings. We affirm the judgment on the battery complaint.
FACTS
¶ 2. Marty and Diane Cumberland were married for about fifteen years when Diane began working for Johnson’s family in 2006. Johnson and Diane began spending time together, and shortly thereafter, Diane left Cumberland. She moved into a trailer owned by Johnson. Testimony was conflicting as to what caused the Cumber-lands’ separation, but all agreed Cumberland had asked Diane to come home several times.
¶ 3. After a few months, Cumberland went to Johnson’s trailer at 4:00 a.m. to see if Diane was there. Finding her car, Cumberland waited until Johnson exited the trailer. Cumberland approached him, and a brawl ensued ending in Johnson’s injury. Cumberland pled guilty to assault, though he maintains it was Johnson who attacked him.
¶ 4. This matter was tried before a jury for two days, resulting in a verdict for “the defendant, Marty Cumberland.” Due to a technical problem, the first day of trial was not transcribed. The jury was released on a Tuesday with an instruction that there were “no cases to be tried tomorrow ... as a matter of precaution, I want you to call in after five o’clock tomorrow.” No further instructions were given to the jurors. On Thursday, the jury reappeared before the court and was instructed to continue deliberations and return a verdict on the counter-claim for alienation of affection. The jury returned with a $10,000 verdict for Cumberland. There is no record of any proceedings from the time the jurors left the courthouse on Tuesday until they reconvened on Thursday morning.
¶ 5. Johnson now appeals contending that the trial court erred: (1) in discharging and reconvening the jury; (2) in failing to ensure the preparation of a record for the first day of trial; (3) in failing to admit the plaintiffs compilation of medical expenses into evidence, and (4) by denying plaintiffs motions for new trial and remit-titur. Johnson also claims: (5) the jury’s verdicts were against the overwhelming weight of the evidence; (6) the verdicts were the result of bias, passion, or prejudice; (7) the jury awarded relief not requested in pleadings, and (8) a new trial is warranted due to cumulative error.
*649 DISCUSSION
1. Recalling the Jury
¶ 6. Once a jury is discharged and leaves the presence of the court, it cannot be reassembled to correct a substantive error in its verdict. 75B Am. Jur.2d Trials § 1620 (2011). This is not within the court’s power because after the jury leaves the courthouse, its members lose their distinct identity as a jury and are subject to outside influences that may affect the verdict. 89 C.J.S. Trial § 900 (2001). It is possible to recess and reconvene a jury, but specific safeguards must be followed. URCCC 3.11 states when the jury is not to be sequestered, the judge “shall” give the jury six instructions and may inquire as to compliance when the jury is reconvened. This procedure was not followed in today’s case. After being recessed on Tuesday, the jury members were free to discuss the case, converse with litigants, and express their opinions on the verdict.
¶ 7. It is unclear how it came to the trial court’s attention that the jury had only rendered one verdict. Once it did, the court determined that the verdict did not address the counter-complaint and recalled the jury to continue deliberations. A similar omission was addressed by the Mississippi Supreme Court in Adams v. Green, 474 So.2d 577 (Miss.1985). There, three defendants were sued, but the jury’s verdict made no mention of the third defendant. Even though no objection was made to the form of the verdict, the supreme court determined the trial court committed reversible error when it failed to return the jury to reform the verdict. This failure resulted in a mistrial as to that defendant. Adams, 474 So.2d at 581. In Saucier v. Walker, 203 So.2d 299, 303 (Miss. 1967), the court stated:
The form of the verdict in this case is ambiguous, confusing and improper, and the attorney for the appellant should have requested that the jury be returned to the jury room to reword their verdict and to bring in a verdict in the proper form. In the absence of a request from the appellant’s attorney that this be done, the trial judge on his own motion, should have ordered the jury to return to the jury room to reform and reword their verdict and to bring in a verdict in proper form. In fact this Court placed this responsibility and duty squarely on the shoulders of the trial judge when it said in Universal C.I.T. Credit Corp. v. Turner, [56 So.2d 800, 803 (Miss.1952) ], “The trial court was under the duty to see that loss of time and the expense of the trial should not be nullified by the failure of the jury to put their verdict in proper form.”
¶ 8. Here, it is undisputed that after a two-day trial, the jury returned a verdict on the complaint for battery in favor of the defendant, Cumberland. That verdict is, at best, ambiguous regarding the counter-complaint by Cumberland for alienation of affection. It was the trial court’s duty to ensure the proper form of the verdict, but that was no longer possible after the jury was discharged. We find that the trial court committed reversible error when it failed to instruct the jury to reform the initial verdict as to the question of Johnson’s liability for alienation of affection.
¶ 9. The dissent argues that while the judge did not follow preferred practice, his action in reconvening the jury was not reversible error. To support this contention the dissent speculates as to what might have happened when it was discovered the jury had failed to act on the counterclaim; states that there is no evidence of outside influence or extraneous information tainting the jury; and dismisses the trial judge’s failure to follow procedural safeguards. First, this court does *650 not normally engage in speculating as to what a nonexistent record might contain— if it existed. Secondly, there could be no evidence of outside influence because the judge did not question the jurors when they were recalled. Exalting form over substance, the dissent notes that the judge’s exact words were “recessed” rather than “discharged.” This overlooks the fact that no Rule 3.11 instructions were given, that the jury was told they were not expected back until next week’s criminal docket, and that they were released to go home with no restriction on their discussing the case with their spouses and neighbors for over twenty-four hours. Further, it is not this Court’s function to determine what the law should be, but to apply it. While the dissent does not find Adams or Saucier perfectly on point, they provide the closest guidance from our supreme court as to how this issue should be resolved, and we choose to follow their instruction.
2.Preparation of a Record
¶ 10. Mississippi Rule of Appellate Procedure 10(c) states that if no transcript or report of the proceedings is available, the appellant is to prepare a statement of the evidence from the best available means and file it with the trial court. Here, Johnson prepared a summary of the first day’s testimony from the notes of the trial attorneys. However, Rule 10(c) also requires that this statement of the record be certified by the appellant and filed with the trial clerk within sixty days of filing the notice of appeal. The summary filed in this case was not certified by any party or attorney. And though the appellant was granted additional time to develop the record, his first motion requesting such time was not filed until seven months after the notice of appeal.
¶ 11. In Barber v. Barber, 608 So.2d 1338 (Miss.1992), the supreme court rejected an appellant’s statement of evidence that was untimely filed. Johnson’s argument that his appeal has been hindered because it is impossible to fully develop the record is barred because he did not comply with the provisions of Rule 10(c). It is the responsibility of the appellant to show the missing portions of the record contain reversible error and provide an accurate account of the proceedings as allowed by Rule 10(c). Jordan v. State, 786 So.2d 987, 1006 (¶ 48) (Miss.2001). Johnson has failed to do so.
3. Compilation of Medical Expenses
¶ 12. Johnson argues that the trial court erred by refusing to admit a summary of medical expenses related to his injuries. Under Mississippi Rule of Evidence 1006, summaries of voluminous writings may be admitted, but the original records must be made available to other parties, and the trial court may order that they be produced in court. Here, after Cumberland objected, the trial court directed Johnson to produce the medical records, but he did not. We find no error in the trial judge’s decision to exclude the summary of medical expenses.
4. Directed Verdict, Remittitur, and New Trial
 ¶ 13. Initially, we observe that it is the movant’s responsibility to obtain a ruling once a motion has been made, and failure to do so constitutes a waiver of that motion. Martin v. State, 354 So.2d 1114, 1119 (Miss.1978). Johnson’s counsel moved for a directed verdict but then failed to obtain a ruling. Moreover, his argument that the trial judge would not allow him to make the motion is a mischar-acterization of the record, as the trial judge was obviously concerned with the *651 timing of the motion. He stated, “It’s not proper at this time.” Counsel was free to renew his motion at any time, and having made his motion for a directed verdict, it was Johnson’s duty to obtain a ruling. His failure to do so waives this issue.
' ¶ 14. The standard of review for trial court decisions regarding remittitur is abuse of discretion. U.S. Fid. and Guar. Co. of Miss. v. Martin, 998 So.2d 956, 969 (¶ 43) (Miss.2008). The court must look at the evidence in the light most favorable to the verdict, and it should not disturb a jury award unless its size, in comparison with the actual damages, shocks the conscience. Id. at (¶ 44).
¶ 15. We cannot say that the trial court abused its discretion in denying the motion for remittitur. Considering Cumberland’s loss of his wife’s society, companionship, love, affection, services, support, and consortium, our conscience is not shocked by an award of $10,000.
¶ 16. Johnson’s motion for new trial was based on the jury’s discharge and recall to render a verdict on Cumberland’s alienation of affection claim. However, in his brief on appeal, Johnson does not cite any authority regarding motions for new trial, nor does he explain on which complaint he is seeking a new trial. As we have already determined that the case should be remanded for a new trial on the alienation of affection complaint, we do not need to address this issue.
5.Weight of the Evidence
¶ 17. Johnson argues that because Cumberland pled guilty to assault, it was unreasonable for the jury to find that Cumberland acted in self-defense and not award nominal damages for battery. When reviewing a jury verdict, this Court must consider the evidence in the light most favorable to the verdict. Snapp v. Harrison, 699 So.2d 567, 569 (¶ 7) (Miss. 1997). A conviction in á criminal case may be used for collateral estoppel in subsequent civil actions, but this rule is not mandatory or mechanically applied. Jordan v. McKenna, 573 So.2d 1371, 1375 (Miss.1990). The record before this Court contains only an “abstract” justice court record reflecting a guilty plea to a charge of simple assault. The abstract does not reflect the victim or the underlying facts of the offense. Consequently, the record does not support Johnson’s contention that the verdict is against the overwhelming weight of the evidence.
6. Relief Not Requested
¶ 18. Johnson contends that the jury must have based the damage award on the income that was lost when Diane left her husband, Cumberland. As we remand the alienation of affection claim for a new trial, we will not address this issue.
7. Cumulative Error
¶ 19. Finding that it was error to recall the jury to reach a verdict on Cumberland’s alienation of affection claim, we reverse and remand his counter-complaint to the trial court for a new trial. Finding no error as to the original complaint, we affirm. .
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY IS AFFIRMED IN PART. AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEE.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. ROBERTS, *652 J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY GRIFFIS, P.J.