# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01281-COA

JAMES TERRY CAMPBELL AND ANTONIO                        APPELLANTS
MARQUIZ THOMAS

v.

JAMES JONES                                                        APPELLEE

DATE OF JUDGMENT:           06/23/2014
TRIAL JUDGE:                HON. VERNON R. COTTEN
COURT FROM WHICH APPEALED:  SCOTT COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS:   EUGENE COURSEY TULLOS
                            THOMAS D. LEE
ATTORNEY FOR APPELLEE:      W. WRIGHT HILL JR.
NATURE OF THE CASE:         CIVIL - PERSONAL INJURY
TRIAL COURT DISPOSITION:    JUDGMENT FOR
                            PLAINTIFFS/APPELLANTS FOR $45,000
DISPOSITION:                AFFIRMED - 02/02/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., BARNES AND WILSON, JJ.

### LEE, C.J., FOR THE COURT:

## PROCEDURAL HISTORY

¶1.     James Terry Campbell sued James Jones, alleging that Jones caused a car accident resulting in mental and physical injuries to Campbell. Marquiz Thomas, a passenger in Campbell's car at the time of the accident, also sued Jones. Campbell's and Thomas's cases were consolidated in the Scott County Circuit Court. After a trial, the jury returned a verdict finding Campbell sustained $200,000 in damages and Thomas $5,000; but found Campbell to be eighty percent at fault, reducing his award to $40,000.

¶2.     Campbell now appeals, asserting the trial court erred by: (1) ordering the clerk to read a portion of the verdict before polling and dismissing the jury; (2) failing to have the jury returned to be polled regarding the apportionment of fault; (3) failing to allow him to poll the jury as to the apportionment of fault; (4) denying his motion to reform the verdict; and (5) denying his motion for a new trial.

**FACTS**

¶3.     On May 15, 2009, on Highway 21 in Scott County, Mississippi, Jones's car collided with the rear of a trailer being towed by Campbell. Campbell was turning off Highway 21 onto a private driveway when the accident occurred. According to Jones, he was driving fifty-five miles per hour at the time of the accident. Joshua Dobbs, a Mississippi Highway Patrol trooper who responded to the scene, testified that Jones admitted to driving sixty-five miles per hour at the time of the accident, which was ten miles per hour over the posted speed limit of fifty-five.

¶4.     Jones testified that he did not see any signal lights from Campbell's truck or trailer. Campbell admitted that the taillights on his trailer were not working at the time of the accident.

¶5.     At the end of trial, the parties agreed to use a special-verdict interrogatory, which asked the jury to determine negligence and damages and to apportion fault. During deliberations, the jury asked the bailiff to ask the trial court whether it needed to rewrite the entire special-verdict-interrogatory questions or whether it could simply write the answers to the questions in the blanks provided on the paper. Both Campbell and Jones agreed the

bailiff could verbally advise the jury to simply fill in the blanks on the special-verdict interrogatory provided.

¶6.    After the jury reached a verdict, the trial court polled the jury. The trial court stated, "I'm going to poll the jury to be sure that this is your verdict. . . . Is this your verdict? Yours?" The record indicates the following action: "Whereupon the jury was polled by the Court." The trial court noted the verdict was unanimous and instructed the clerk to read the verdict. The clerk asked if he needed to read the entire special-verdict interrogatory. The trial court advised the clerk to read the dollar amounts awarded, which were $200,000 to Campbell and $5,000 to Thomas. The trial court confirmed it was a unanimous verdict, instructed the clerk to file it, and excused the jury. At no time prior to the jury being excused did Campbell ask to poll the jury.

¶7.    At this point, the trial court inquired if anything further needed to be addressed. Jones replied, "We didn't read the whole verdict. Did they apportion fault? There was a question of whether they were going to apportion fault." The trial court responded, "Wait a minute. Do we need to stop [the jury] and bring them back[?]" Jones stated, "I don't know. We need[ed] to read questions 1, 2, and 3 [of the special verdict] before we got to the damages."

¶8.    The trial court then asked the clerk to read the entire special verdict, including the part where the jury found both Campbell and Jones negligent and apportioned fault at eighty percent to Campbell and twenty percent to Jones. The trial court asked whether anything further needed to be discussed with regard to the verdict. Campbell's counsel replied, "No, sir." Neither Campbell nor Jones asked to have the jury returned.

3

¶9.    Posttrial, Campbell filed a motion to reform the verdict, asking the jury be returned to be polled as to its verdict regarding apportionment of fault.  Additionally, Campbell alleged that the apportionment of fault was a clerical mistake because the evidence did not support the verdict.  Campbell also filed a motion for a new trial.

## DISCUSSION

### I.    Reading of the Jury Verdict

¶10.   In his first issue, Campbell contends the trial court erred by ordering the clerk to read only a portion of the verdict prior to dismissing the jury.  However, Campbell failed to make a contemporaneous objection.  Additionally, when asked by the trial court whether anything further needed to be discussed regarding the verdict, Campbell's counsel replied, "No, sir." The trial court further inquired, "That includes everything I believe as far as anything that would have to be in the record otherwise, other than me finally receiving the verdict and filing it; is that correct?"  Both Campbell's counsel and Jones's counsel replied, "Yes, sir."

¶11.   "Failure to object to an issue below operates as a waiver of the ability to assert the issue as error on appeal." *Davis-Everett v. Dale*, 926 So. 2d 279, 282 (¶5) (Miss. Ct. App. 2006).  "An appellant cannot complain on appeal of alleged errors which he invited or induced." *Busick v. St. John*, 856 So. 2d 304, 314 (¶25) (Miss. 2003).  Campbell's failure to object bars this issue from appellate review.

### II.    Declining to Return the Jury

### III.    Polling the Jury

¶12.   As these two issues are related, we will address them together.  Campbell contends

the trial court should have ordered the jury to return and be polled regarding the apportionment of fault. Again, Campbell failed to make a contemporaneous objection. The trial court asked if it should bring the jury back, but Campbell did not respond. As mentioned previously, Campbell indicated no further discussion was needed regarding the verdict. Campbell's failure to object bars this issue from appellate review.

### IV. Motion to Reform the Verdict

¶13. Campbell briefly argues that the trial court erred by failing to return the jury to reform the verdict. Campbell cites to *Johnson v. Cumberland*, 91 So. 3d 646 (Miss. Ct. App. 2012), for support. In *Johnson*, the jury returned a verdict on the plaintiff's claim, but failed to return a verdict on the defendant's counterclaim for alienation of affection. *Id*. at 648 (¶4). The trial court did not discover this error until the jury had been discharged and reformation of the verdict was no longer an option. *Id*. at 649 (¶8). This Court found that "the trial court committed reversible error when it failed to instruct the jury [prior to it being dismissed] to reform the initial verdict as to the question of [the plaintiff's] liability for alienation of affection." *Id*.

¶14. In this case, the jury rendered a complete verdict. Additionally, Campbell agreed to the form of the special verdict submitted to the jury. There was no suggestion that the form of the verdict was "ambiguous, confusing[, or] improper." *Saucier v. Walker*, 203 So. 2d 299, 303 (Miss. 1967). This issue is without merit.

### V. Motion for a New Trial

¶15. In his final issue on appeal, Campbell contends the trial court erred in denying his

motion for a new trial. The grant or denial of a motion for a new trial is within the trial court's discretion. *White v. Yellow Freight Sys. Inc.*, 905 So. 2d 506, 510 (¶7) (Miss. 2004). As such, we may only reverse when the trial court has abused its discretion. *Id*.

¶16. Campbell argues that the verdict is against the overwhelming weight of the evidence. However, Campbell himself admitted the trailer's taillights were not functioning, which is a violation of state law. *See* Miss. Code Ann. § 63-7-13 (Rev. 2013). Due to this, the trial court instructed the jury that Campbell was negligent per se for his failure to have operational taillights on the trailer. We cannot find that the verdict is against the overwhelming weight of the evidence; thus, the trial court did not abuse its discretion in denying Campbell's motion for a new trial.

¶17. Campbell also asserts that the jury verdict must have been a scrivener's error – that the jury meant to assess eighty percent fault to Jones, not to Campbell. Campbell fails to support this assertion with any evidence from the record. This issue is without merit.

¶18. **THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**

6